1  LEGAL AID SOCIETY OF SAN DIEGO, INC.
     Branden G. Butler (SBN 265127)
2    brandenb@lassd.org
     Rosalina L. Spencer (SBN 259866)
3    rosalinas@lassd.org
   110 South Euclid Avenue
4  San Diego, CA 92114
   Tel:   (619) 471-2623
5  Fax:   (619) 471-2788

6  BRANCART & BRANCART
     Christopher Brancart (SBN 128475)
7    cbrancart@brancart.com
   Post Office Box 686
8  Pescadero, CA 94060
   Tel:   (650) 879-0141
9  Fax:   (650) 879-1103

10 Attorneys for Plaintiffs

11
                   **UNITED STATES DISTRICT COURT**
12
                 **SOUTHERN DISTRICT OF CALIFORNIA**
13

14
   **ERIKA MACIAS and CYNTHIA**   )   **Case No.**   '14CV2763 GPC JMA
15 **RICH,**                      )
                                  )   **COMPLAINT**
16              **Plaintiffs,**   )
                                  )
17       **vs.**                  )
                                  )
18 **MYRON LANGE,**               )
                                  )
19              **Defendant.**    )
                                  )
20 ─────────────────────────────

21      1.     In this fair housing action, Erika Macias and Cynthia Rich sue Myron
22 Lange, their landlord, for discrimination and harassment on the basis of sex in
23 violation of the federal Fair Housing Act and related state laws.

                      **I.  JURISDICTION AND VENUE**
24
        2.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the
25 claims alleged herein arise under the laws of the United States.  This Court has
26 supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine
27 plaintiffs' state law claims because those claims are related to plaintiffs' federal
28

law claim and arise out of a common nucleus of related facts. Plaintiffs' federal and state law claims form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within San Diego County, California.

## II. PARTIES

4.     Between 2003 and 2013, plaintiff Erika Macias and her family rented a dwelling in San Diego that defendant Myron Lange owned and operated during their tenancy.

5.     Since 2011, plaintiff Cynthia Rich and her family have rented a dwelling in Lemon Grove that defendant Myron Lange owns and operates.

6.     Defendant Myron Lange owns and operates several rental dwellings throughout San Diego County, including the dwelling rented by Rich and the dwelling formerly occupied by Macias, which Lange sold after Macias vacated in 2013.

## III. FACTS

### A. Erika Macias

7.     In 2003, Macias and her husband rented a dwelling located in San Diego from Lange.   Lange insisted that Macias deliver the monthly rental payment to Lange in person at his home in Lemon Grove.   In 2005, Macias's husband vacated the dwelling, leaving Macias alone to pay rent and care for their children.  Macias fell behind in rent payments and Lange proposed that Macias could work-off rent owed Lange by cleaning his home.

8.     After her husband had left and Macias had fallen behind in her rent, Lange started sexually harassing Macias.  Lange's harassment took many forms and varied in severity and frequency over time.   For example, when Macias appeared at Lange's home to pay rent, he typically commented on her breasts.   On

one occasion, Lange trapped Macias in his home, blocking her exit, grabbing and pulling her toward him for a kiss.  Macias pushed Lange away and left.  On another occasion, while Macias delivered her rent, Lange grabbed her buttocks. Macias jumped back, yelling, "What are you doing?!"  Lange grinned,  "You have such a nice body; it's hard to resist."

9.     Lange's harassment escalated as Macias's vulnerability increased. Forced to clean Lange's home to avoid eviction at various time throughout her tenancy, Macias endured Lange's harassment.  While Macias clean, Lange would sit on his couch, watching Macias and making sexual remarks, such as, "You look so good on your knees."   As Lange's conduct grew more explicit, Macias grew more fearful.   She asked her daughter to accompany Macias when she cleaned Lange's house.  But Lange was undeterred by the daughter's presence; he continued sexual remarks toward Macias.  Over time, Lange's conduct became more physical.   While Macias cleaned, Lange would approach her, brushing his body against her breasts.  When Macias demanded that Lange stop, Lange would threaten Macias with eviction.

10.     In June 2013, Macias fell behind in rent again.  Lange gave Macias an extension to June 24 in exchange for cleaning his house.  As the June 24 deadline approached, however, Macias – still unable to pay rent – went to Lange's home and asked him for more time.  Lange listened, offered her a shot of tequila, then said,  "You know what I want.  I would like a really good blow job."   Macias backed away, saying she had to go.   As Macia turned to leave, Lange lurched toward her attempting to kiss Macias.  He then followed Macia out the door, saying, "Can I at least see your nipple and kiss your breast?"

11.     On July 5, 2013, Macias returned to Lange's home with her rent payment.  Seeing how nervous Macia acted, Lange said, "Don't worry; I won't do anything," and took her money.   One week later, however, Lange served a notice to vacate on the Macias family and later sued them for eviction.   Macias and her

1  family vacated Lange's rental and were homeless, living in a motel for several

2  months.

3  **B. Cynthia Rich**

4        12.     Following the loss of her long-time home to foreclosure, Rich and her

5  husband were forced to relocate quickly.  They rented a dwelling from Lange in

6  Lemon Grove.  Lange insisted that he come to Rich's dwelling to pick up the rent.

7  Shortly after they moved to Lange's rental, Lange started appearing, unannounced

8  and uninvited, in Rich's yard, typically during the day when her husband was at

9  work.

10        13.     Over time, Lange's intrusions have grown more aggressive and

11  sexually explicit.  During his unannounced visits, Lange seeks to contact Rich and

12  makes sexual remarks, such as, "I wish I could wake up next to you in the

13  morning," and "You're really hot."  He also boasts about his sexual relationships to

14  Rich.  He tells Rich, "Hook me up with a hot Latina that looks like you."  If Lange

15  gets close to Rich, he tries to hug her.

16        14.     Rich fears Lange and tries to avoid him.  She changed the locks to her

17  house, locks the outside gate and keeps her drapes closed.   If Lange is outside, she

18  hides in her house.  Only after Lange leave will Rich exit her home to run errands.

19  She stopped using her backyard, fearing that Lange will contact her if she's

20  outside.   Rich had demanded that Lange stop invading her dwelling.  Lange's

21  responses is always the same: He grows visibly angry, starts yelling, and threatens

22  to evict Rich and her husband from their dwelling.

23  **C.  Similar Past Conduct by Lange**

24        15.     The public record reveals that Lange has engaged in similar conduct

25  in the past.  In 1994, San Diego district attorney charged Lange with forcible rape,

26  forcible oral copulation, and assault by means likely to produce great bodily

27  injury, but dismissed the charges before trial.   In 2003, the San Diego Superior

28  Court convicted Lange of battery of spouse or dating partner and assault by means

of force likely to produce great bodily injury.

## D.  Discriminatory Housing Practices

16.    Lange has engaged in a pattern or practice of discrimination or harassment based on sex, committing the following discriminatory housing practices:

a.    Creating a hostile living environment for a female tenant because of sex;

b.    Making housing otherwise unavailable because of sex;

c.    Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling, because of sex;

d.    Making statements indicating a limitation, preference, or discrimination, or the intent to discriminate, based on sex;

e.    Threatening, intimidating, or interfering with a female tenant in her enjoyment of dwellings because of sex;

f.    Coercing a female tenant, either orally or in writing, or by other means, to deny or limit the benefits provided those persons in connection with the rental of a dwelling because of sex;

g.    Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith; and,

h.    Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable person would consider intimidating, hostile, offensive, or otherwise making the tenancy significantly less desirable, in connection with the rental of a

1  dwelling or the provision of benefits or services in connection therewith.

2      17.    Lange injured Macias and Rich by committing each of these

3  discriminatory housing practices; accordingly, Macias and Rich are aggrieved

4  persons within the meaning the Fair Housing Act, 42 U.S.C. § 3602(i), and related

5  state laws.

6                          **E.  Injuries**

7      18.    By reason of Lange's unlawful acts or practices, Macias and Rich

8  suffered emotional distress, including humiliation, mental anguish, and attendant

9  bodily injury, violation of their civil rights, loss of dignity, embarrassment, and

10  otherwise sustained injury.  They also suffered invasions of their private right of

11  occupancy and of their privacy, depriving them of the full use and enjoyment of

12  their dwellings.  Accordingly, Macias and Rich are entitled to recover

13  compensatory damages pursuant to the federal Fair Housing Act, 42 U.S.C. §

14  3613(c)(1), and related state laws.

15      19.    In doing the acts of which Macias and Rich complain, Lange acted

16  with reckless disregard of the federally protected rights of each of them.

17  Accordingly, Macias and Rich are entitled to recover punitive damages, which

18  they seek under the federal Fair Housing Act, 42 U.S.C. § 3613(c)(1).

19      20.    There now exists an actual controversy between the parties regarding

20  defendant's duties under federal and state fair housing laws.  Accordingly, Macias

21  and Rich are entitled to declaratory relief pursuant to Rule 57 of the Federal Rules

22  of Civil Procedure.

23      21.    Unless enjoined, Lange will continue to engage in the unlawful acts

24  and in the pattern or practice of discrimination and harassment described above.

25  Macias and Rich have no adequate remedy at law.  They suffer and may continue

26  to suffer irreparable injury from Lange's acts against women unless relief is

27  provided by this Court.  Accordingly, Macias and Rich are entitled to injunctive

28  relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

# IV.  CLAIMS

## A.  FIRST CLAIM

### [Fair Housing Act]

22.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

23.    Defendant injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

## B.  SECOND CLAIM

### [California Fair Employment and Housing Act]

24.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

25.    Defendant injured plaintiffs by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§ 12927, 12955, et seq.

## C.  THIRD CLAIM

### [California Civil Code § 51.9]

26.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

27.    Defendant injured plaintiffs in violation of California Civil Code § 51.9 by engaging in sexual harassment in the course of a landlord-tenant relationship.

## D.  FOURTH CLAIM

### [California Ralph Act]

28.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

29.    Defendant injured plaintiffs in violation of the Ralph Act, California Civil Code § 51.7, by intimidation or violence, or both, including threats of harm to plaintiffs' person or property, because of sex.

**E.   FIFTH CLAIM**

**[California Unruh Act]**

30.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

31.   Defendant injured plaintiffs in violation of the Unruh Act, California Civil Code § 51, by discriminating on the basis of sex in the operation of a rental dwelling.

**E.   SIXTH CLAIM**

**[Covenant of Quiet Use and Enjoyment]**

32.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

33.   Defendants injured plaintiffs by invading their private right of occupancy and privacy and infringing upon their right to the quiet use, enjoyment, and possession of their dwellings in violation of Civil Code §§ 1927 and 1940.2, among other provisions of law.

**F.   SEVENTH CLAIM**

**[Invasion of Privacy]**

34.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

35.   Defendant injured plaintiffs by invading their right to privacy, as protected under Civil Code §§ 43, 1708 and 3333, and the California Constitution, Art. I, § 1.

**V.  RELIEF**

Therefore, plaintiffs pray for entry of a judgment against defendant that:

1.   Awards compensatory and punitive damages according to proof;

2.   Awards statutory damages and civil penalties pursuant to the Unruh Civil Rights Act, Bane Act, Ralph Act, and California Civil Code;

3.   Declares that defendant has violated the provisions of the applicable

federal and state fair housing laws;

4.     Enjoins all unlawful practices alleged in this complaint and imposes affirmative injunctive relief requiring defendant, his partners, agents, employees, assignees, and all persons acting in concert or participating with him, to take affirmative action to provide equal opportunities to persons regardless of their sex;

5.     Awards costs of this action, including reasonable attorneys' fees; and,

6.     Awards all such other relief as the Court deems just.

Dated: November 19, 2014.

Respectfully submitted,

LEGAL AID SOCIETY OF SAN          BRANCART & BRANCART
DIEGO, INC.

*/s/ Branden Butler*                            */s/ Christopher Brancart*

_____          _____
Branden Butler                                  Christopher Brancart
brandenb@lassd.org                         cbrancart@brancart.com

Attorneys for Plaintiffs