# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS AND CYNTHIA RICH,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MYRON LANGE,<br><br>　　　　　　　　　　Defendant. | CASE NO. 14cv2763-GPC(JMA)<br><br>**ORDER DIRECTING PARTIES TO BRIEF WHETHER THE PLAINTIFFS ARE MISJOINED** |

On November 19, 2014, Plaintiffs Erika Macias ("Macias") and Cynthia Rich ("Rich") filed a complaint against Defendant Myron Lange ("Lange") for violations of the Fair Housing Act, California Fair Employment and Housing Act, California Civil Code section 51.9, California Ralph Act, California Unruh Act, Covenant of Quiet Use and Enjoyment, and Invasion of Privacy. (Dkt. No. 1, Compl.) Lange was a landlord to Macias and is currently a landlord for Rich.

Joinder of plaintiffs is permitted under the Federal Rules of Civil Procedure ("Rule") if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). If a party is misjoined, "[o]n motion or its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court has discretion to sever a party as long as "no substantial

right will be prejudiced by the severance." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1349 (9th Cir. 1997).

Here, Lange filed two separate motions for summary judgment. Then he filed an ex parte request to file briefs exceeding 25 pages pursuant to Local Civil Rule 7.1. In the ex parte application, Lange argues that the allegations against him "stem from and involve different sets of facts, different time periods, different witnesses . . . ." (Dkt. No. 36 at 2.)

The Court agrees. Besides the same causes of action, the facts of this case involve different plaintiffs, different rental units, and different time periods. There appear to be no overlapping facts. <u>See</u> <u>In re EMC Corp.</u>, 677 F.3d 1351, 1359 (2012) ("To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.") Therefore, the Court is inclined to, sua sponte, sever the Plaintiffs pursuant to Rule 21, directing Plaintiffs to file a new complaint with the new case having the same filing date as this case. The filing fee would also be waived. The Court is particularly concerned at how the case will be tried if summary judgment is denied. The Court will allow the parties an opportunity to address the issue. Both parties shall file a brief on whether the plaintiffs are misjoined and should be severed on or before **January 29, 2016.**

IT IS SO ORDERED.

DATED: January 25, 2016

HON. GONZALO P. CURIEL
United States District Judge