# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS AND CYNTHIA RICH,<br><br>    Plaintiffs,<br><br>  v.<br><br>MYRON LANGE,<br><br>    Defendant. | CASE NO. 14cv2763-GPC(JMA)<br><br>**ORDER RE JOINDER; ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO FILE MOTIONS FOR SUMMARY JUDGMENT IN EXCESS OF PAGE LIMIT PURSUANT TO LOCAL CIVIL RULE 7.1(h) AND SETTING BRIEFING SCHEDULE**<br><br>[Dkt. No. 36.] |

On November 19, 2014, Plaintiffs Erika Macias ("Macias") and Cynthia Rich ("Rich") filed a complaint against Defendant Myron Lange ("Lange") for violations of the Fair Housing Act, California Fair Employment and Housing Act, California Civil Code section 51.9, California Ralph Act, California Unruh Act, Covenant of Quiet Use and Enjoyment, and Invasion of Privacy. (Dkt. No. 1, Compl.)  Plaintiffs allege Defendant sexually harassed them when they were tenants of Defendant's residential rental properties.

On January 12, 2016, when Defendant filed two separate motions for summary judgment as to each of the Plaintiffs, the Court questioned whether Plaintiffs were misjoined and should be severed pursuant to Federal Rule of Civil Procedure 20 & 21. (Dkt. No. 38.)  The Court noted that besides the same causes of action, the facts of this

1  case involve different plaintiffs, different rental units, and different time periods. Thus,
2  the Court directed the parties to address this issue. On January 29, 2016, the parties
3  filed their responses. (Dkt. Nos. 40, 41, 44.)

4       Under the Federal Rules of Civil Procedure ("Rule"), "joinder of claims, parties
5  and remedies is strongly encouraged." <u>United Mine Workers of America v. Gibbs</u>, 383
6  U.S. 715, 724 (1966). Joinder of plaintiffs is permitted under the Rules if (A) they
7  assert any right to relief jointly, severally, or in the alternative with respect to or arising
8  out of the same transaction, occurrence, or series of transactions or occurrences; and
9  (B) any question of law or fact common to all plaintiffs will arise in the action." Fed.
10 R. Civ. P. 20(a)(1). If a party is misjoined, "[o]n motion or its own, the court may at
11 any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court has
12 discretion to sever a party as long as "no substantial right will be prejudiced by the
13 severance." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1349 (9th Cir. 1997). Rule 20 is to
14 be construed liberally to promote judicial economy and trial convenience. <u>League to
15 Save Lake Tahoe v. Tahoe Regional Planning Agency</u>, 558 F.2d 914, 917 (9th Cir.
16 1977) (citing <u>Mosley v. Gen. Motors</u>, 497 F.2d 1330, 1332-33 (8th Cir. 1974)). The
17 Court must also comply with Rule 1 where the Rules are to be construed "to secure the
18 just, speedy, and inexpensive determination of every action and proceeding." Fed. R.
19 Civ. P. 1.

20      Plaintiffs argue that they are not misjoined because their claims involve common
21 questions of law or fact and meet the common transaction or occurrence test under Rule
22 20(a) because Defendant has a pattern of sexual harassment towards both plaintiffs
23 involving similar instances of sexual harassment which will require similar evidence
24 to prove. Moreover, keeping the parties joined would not create prejudice against
25 Defendant and will reduce the costs and burden of two similar trials, both of which
26 would be bench trials because neither party requested a jury trial.

27      Defendant contends that Plaintiffs should be severed because the elements of
28 Rule 20(a) are not met. He argues that there are no common factual allegations as the

case involves two separate rental properties and different allegations of sexual harassment. Rich's alleged encounters with Defendant occurred outside her home while Macias' alleged encounters occurred when she was working for Defendant at his home or one of his rental properties, or at his home for some other purpose. The time periods are also distinct. Macias was a tenant from about 2001 to 2013 and she alleged the harassment occurred from 2006 to 2013, while Rich is a current tenant and has been renting from Defendant since 2011 and the alleged sexual harassment occurred between November 2011 and March 2014. Defendant also claims that Plaintiffs allege different discriminatory conduct against them. Rich stated that Defendant never touched her or made sexual comments towards her while Macias testified that Defendant touched or attempted to touch her and made sexual comments towards her. He disputes the alleged sexual harassment and alleges that he would be prejudiced if both claims, which he claims are weak, are brought together and bolster each other's claims before a jury.

The Court's concern about joinder was raised due to concerns on how the case would be tried before a jury, including prejudice to Defendant. However, as Plaintiffs noted, since there has been no jury demand, the case will be tried by the Court. Therefore, any concerns regarding prejudice to Defendant in this case are mitigated. See Carter v. Hewitt, 617 F.2d 961, 972 n. 13 (3d Cir. 1980) ("[n]onjury trials present a much smaller danger of unfair prejudice than jury trials."); Crowe v. Smith, 151 F.3d 217, 234 (5th Cir. 1998) (noting risk of undue confusion or prejudice from having counsel testify as a witness not present in bench trials). In balancing Rule 20(a) with Rule 1, the Court declines to sever Plaintiffs in this case.

Defendant filed an ex parte application to allow the filing of two separate motions for summary judgment that exceed the page limit pursuant to Local Civil Rule 7.1(h). (Dkt. No. 36.) Plaintiffs filed an opposition. (Dkt. No. 39.) Having considered the parties positions, the Court GRANTS Defendant's ex parte application to file two separate motions for summary judgment.

     Accordingly, IT IS HEREBY ORDERED that Defendant shall file his motions for summary judgment on or before **February 5, 2016.** An opposition shall be filed on or before **February 19, 2016.** Any reply shall be filed by **March 4, 2016.** A hearing is scheduled on **March 25, 2016 at 1:30 p.m.** in Courtroom 2D.

     IT IS SO ORDERED.

DATED:  February 4, 2016

                                  HON. GONZALO P. CURIEL
                                  United States District Judge