UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS and CYNTHIA RICH,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MYRON LANGE,<br><br>　　　　　Defendant. | Case No. 14-CV-2763-GPC (JMA)<br><br>**ORDER GRANTING MOTION (1) FOR RELIEF FROM JOINT MOTION REQUIREMENT AND (2) TO COMPEL RESPONSES TO DISCOVERY**<br><br>**ORDER ISSUING SANCTIONS**<br><br>**[ECF No. 54]** |

Presently before the Court is a Motion for Relief from Joint Motion Requirement and to Compel Responses to Discovery filed by Plaintiffs Erika Macias and Cynthia Rich ("Plaintiffs"). For the reasons set forth below, Plaintiffs' motion for relief from joint motion requirement is **GRANTED**, as is their motion to compel responses to discovery.

**I.     BACKGROUND**

On January 4, 2016, Plaintiffs filed a Motion for Relief from Joint Motion Requirement and to Compel Responses to Discovery, in which they contended that Defendant Myron Lange ("Defendant") had failed to respond to Plaintiff Macias' Second Request for Production, Third Request

for Production, and Second Set of Interrogatories. [ECF No. 27.] Defendant subsequently faxed responses to the discovery to Plaintiffs' counsel, which the Court deemed served on January 5, 2016. See Jan. 7, 2016 Order at 1. On January 7, 2016, the Court issued an order stating, in relevant part:

> As set forth in the undersigned's Chambers Rules, if the parties have not resolved any disputes arising out of Defendant's written discovery responses, counsel shall, within 45 days of the date the responses were served, file a Joint Motion for Determination of Discovery Dispute with the Court. For purposes of determining the due date of the Joint Motion for Determination of Discovery Dispute only, the Court shall deem January 5, 2016 as the service date of Defendant's written discovery responses. Therefore, any Joint Motion for Determination of Discovery Dispute filed in connection with those responses shall be filed by February 19, 2016. [¶] Counsel shall fully comply with the requirements set forth in the Chambers Rules. Specifically, counsel shall promptly and thoroughly meet and confer regarding all disputed issues [footnote omitted], shall make every effort to resolve all disputes without the necessity of court intervention, and shall, if necessary, jointly and cooperatively prepare a Joint Motion for Determination of Discovery Dispute.

Jan. 7, 2016 Order at 2.

On February 19, 2016, Plaintiffs filed a Motion for Relief from Joint Motion Requirement and to Compel Responses to Discovery [ECF No. 48], which was withdrawn and re-filed on the next business day, February 22, 2016, due to a filing technicality with the Court's CM/ECF (Case Management/Electronic Case Filing) system. See ECF Nos. 48, 53, 54. Plaintiffs contend in their motion that although they provided Defendant's counsel with the opportunity to submit his portion of a Joint Motion for Determination of Discovery Dispute, counsel failed to do so. Spencer Decl. [ECF No. 54-4] at ¶¶ 3-5.

On February 24, 2016, the Court issued an order requiring Defendant to file a response to Plaintiff's February 22, 2016 motion by March 3, 2016. [ECF No. 55.] Defendant failed to file a response. On March 10, 2016, the

Court issued an Order to Show Cause directing Defendant to file a declaration by March 17, 2016 regarding why sanctions should not be imposed against him and/or his counsel for failing to comply with the Civil Local Rules of the Court, with this Court's Civil Chambers Rules regarding discovery disputes and the filing of a Joint Motion for Determination of Discovery Dispute, and with this Court's January 7, 2016 and February 24, 2016 Orders. [ECF No. 58.] Neither Defendant nor his counsel responded to the Order to Show Cause.

## II.   LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The failure to object to discovery requests within the time required constitutes a waiver of any objection. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). Waiver of objections can also be found when the responding party fails to raise an objection before the Court in response to a motion to compel. Id. Civil Local Rule 7.1 provides that if a party fails to oppose a motion, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." See Civ. L.R. 7.1 f.3.c.

## III.   DISCUSSION

Plaintiffs seek an order (1) compelling responses to Document Request Nos. 16, 19, 23, 24, 26, 28, 30, 31, and 32 and Interrogatory No. 14, relating to Defendant's tenant records and financial information, without objection; (2) requiring Defendant to submit a declaration describing his efforts to locate responsive documents; and (3) requiring Defendant's counsel to comply with Fed. R. Civ. P. 26(g). Joint Motion at 3. The Court

hereby finds as follows:

1. Plaintiffs' motion for relief from the undersigned's requirement that discovery disputes be brought before the Court by filing a Joint Motion for Determination of Discovery Dispute is **GRANTED**.

2. Plaintiffs' motion to compel responses to discovery is **GRANTED**. See Civ. L.R. 7.1 f.3.c. (party consents to granting of motion by failing to oppose motion).

3. Defendant's objections to the subject discovery are waived. Defendant's objections were arguably waived when he provided untimely responses by fax on January 5, 2016 to Plaintiff Macias' Second Request for Production, Third Request for Production, and Second Set of Interrogatories, and were further waived when Defendant failed to raise any argument before the Court on Plaintiffs' motion to compel. See Richmond, 959 F.2d at 1473.

4. Defendant is **ORDERED** to produce all documents responsive to Document Request Nos. 16, 19, 23, 24, 26, 28, 30, 31, and 32 and to fully respond to Interrogatory No. 14, without objection, by no later than April 13, 2016.

5. Defendant is **ORDERED** to provide a declaration to Plaintiffs by no later than April 13, 2016 describing his efforts to locate documents responsive to Document Request Nos. 16, 19, 23, 24, 26, 28, 30, 31, and 32, and relating to Interrogatory No. 14. The declaration shall describe who assisted Defendant with the search, the search date(s), search location(s), and duration and nature of search, and shall include a statement that no records have been destroyed or discarded since the filing of this action.

6. Defendant's counsel shall comply with Fed. R. Civ. P. 26(g) (describing effect of attorney's signature on discovery responses).

7. Plaintiffs shall email an editable version (e.g., in Word or Word Perfect format) of the parties' proposed stipulated protective order (see ECF No. 54-8) to efile_adler@casd.uscourts.gov by no later than April 11, 2016 for consideration and entry by the Court.

## IV. PAYMENT OF EXPENSES/ISSUANCE OF SANCTIONS

If a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the filing of the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Plaintiffs shall file a declaration setting forth the amount of attorneys' fees incurred in connection with their efforts to compel the production of the discovery presently at issue. Plaintiffs' declaration shall be filed by no later than April 13, 2016. Defendant may file a response to this submission by no later than April 15, 2016.

Additionally, a separate basis exists for the imposition of sanctions against Defendant's counsel, Mr. Bobroff, for failing to comply with or respond in any way whatsoever to: (1) the undersigned's Chambers Rules requiring counsel to prepare a Joint Motion for Determination of Discovery Dispute when bringing discovery disputes before the Court; (2) the Court's order of January 7, 2016 (requiring counsel to jointly and cooperatively prepare a Joint Motion for Determination of Discovery Dispute regarding any disputed issues); (3) the Court's order of February 24, 2016 (providing Defendant the opportunity to respond to Plaintiff's motion to compel notwithstanding that Defendant had failed to participate in the preparation of the Joint Motion for Determination of Discovery Dispute); and (4) the Court's March 10, 2016 Order to Show Cause. Civil Local Rule 83.1

provides that the failure of counsel or a party to comply with the Court's local rules or with any order of the Court "may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorney's fees and costs, and other lesser sanctions." Civ. L.R. 83.1.a.

Plaintiffs seek the striking of Defendant's answer and the entry of default against him. See Pls.' Statement [ECF No. 59] at 3. The Court presently declines to recommend these sanctions to the district judge. The Court does find the issuance of monetary sanctions to be appropriate, given the multiple opportunities provided by the Court to Defendant, through his counsel, to comply with discovery obligations, provide argument on the merits of the discovery dispute, and to respond to the Order to Show Cause. For some inexplicable reason(s), Defendant's counsel has repeatedly failed to comply with – or even respond to – a series of Court orders requiring him to discharge his basic obligations as counsel for Defendant, resulting in a substantial waste of judicial economy and resources. The Court accordingly **SANCTIONS** Defendant's counsel, Seth Bobroff, Esq., in the amount of $500 payable to the Clerk of Court. Mr. Bobroff shall file a receipt reflecting his payment into the court's registry by no later than April 15, 2016. The Court reserves the right to issue or recommend further sanctions if Defendant and/or Mr. Bobroff fail to comply with this Order or any other orders of the Court.

**IT IS SO ORDERED.**

DATED: April 7, 2016

Jan M. Adler
U.S. Magistrate Judge