UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS and CYNTHIA RICH,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>MYRON LANGE,<br><br>　　　　　　Defendant. | Case No. 14-CV-2763-GPC (JMA)<br><br>**ORDER (1) CONSTRUING PLAINTIFF'S "MOTION FOR SANCTIONS" AS A STATUS REPORT REGARDING DISCOVERY; (2) DIRECTING FULL COMPLIANCE WITH APRIL 7, 2016 ORDER; AND (3) SCHEDULING DISCOVERY CONFERENCE** |

　　　　On April 28, 2016, Plaintiffs Erika Macias and Cynthia Rich filed a "Motion for Sanctions" onto the Court's docket. See ECF No. 79. Civil Local Rule 7.1 requires that "[a]ll hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned." Civ. L.R. 7.1 b. Plaintiffs attempted to obtain a hearing date from the undersigned's law clerk on April 28, 2016, prior to filing the motion, but were informed the clerk was not available until May 2, 2016. Despite not having been given a hearing date, Plaintiffs filed their motion, indicating that the hearing date was "TBA" and that the motion would be re-noticed once the law clerk returned to the Court. See ECF No. 79 at 1.

　　　　The requirement that counsel obtain a hearing date from the clerk of

the judge to whom the case is assigned allows the Court to not only manage its calendar and docket, but also to determine whether to permit the motion to be filed.  In this instance, the Court would not have permitted Plaintiffs to file their motion.  The motion relates to an ongoing discovery dispute which has already necessitated Court intervention.  See ECF Nos. 29, 55, 58, 67.  The Court has discretion to handle discovery disputes, including ongoing discovery disputes, in ways other than by noticed motion.  See Chambers Rules; Civ. L.R. 26.1 e.  Moreover, counsel are required to thoroughly meet and confer before bringing any discovery matters before the Court.  See Civ. L.R. 26.1 a; Chambers Rules.  This has not occurred here.

The Court **DECLINES** to consider Plaintiffs' request for sanctions as Plaintiffs did not meet the motion filing requirements of this Court.  The Court instead **CONSTRUES** Plaintiff's motion as a status report regarding the outstanding discovery in this matter.  The Court **FURTHER ORDERS** as follows:

    1.    Defendant is **DIRECTED** to fully comply with the Court's April 7, 2016 order by the close of business on May 5, 2016.  Specifically, Defendant shall provide:

        a.    All documents in Defendant's possession, custody or control responsive to Document Request Nos. 16, 23, 28, and 30, *including his tax returns as requested in Request No. 28, even if they are in the possession of his accountant.* See, e.g., Wardrip v. Hart, 934 F. Supp. 1282, 1286 (D. Kan. 1996) (documents in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery).

//

      b.     A response to Interrogatory No. 14.

      c.     As previously ordered, a declaration, under oath, describing Defendant's efforts to locate all of the discovery addressed in the Court's April 7, 2016 order, including a description of who assisted Defendant with the search, the search date(s), search location(s), and duration and nature of search. The declaration shall further address whether Defendant has produced all documents in his possession, custody and control responsive to the discovery requests addressed in the April 7, 2016 order, as well as whether any records have been destroyed or discarded since the filing of this action. If Defendant has no documents in his possession, custody or control responsive to any of the discovery requests, he shall so state in his declaration.

Defendant's counsel shall comply with Fed. R. Civ. P. 26(g) (describing effect of attorney's signature on discovery responses).

    2.    If any issues remain in dispute after Defendant complies with the requirements of paragraph 1, counsel shall meet and confer <u>in person</u> by <u>the close of business on May 6, 2016</u> regarding any remaining issues.

    3.    **The Court expects full compliance with this Order by both sides such that no further filings seeking court intervention will be necessary.**

    4.    The Court shall convene a telephonic Discovery Conference on **<u>May 9, 2016</u>** at **<u>10:00 a.m.</u>** to confirm that all issues have been resolved. Counsel for each party shall participate in the conference, and shall use

//
//
//

the following call-in information:  Dial-in Number 866-590-5055, Access Code 2275709.

**Failure to comply with this Order will be cause for the imposition of sanctions**.

**IT IS SO ORDERED.**

DATED:  May 3, 2016

Jan M. Adler
U.S. Magistrate Judge