UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS and CYNTHIA RICH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MYRON LANGE,<br><br>　　　　Defendant. | Case No. 14-CV-2763-GPC (JMA)<br><br>**ORDER DIRECTING THE PAYMENT OF EXPENSES UNDER FED. R. CIV. P. 37** |

On April 7, 2016, this Court issued an order compelling Defendant Myron Lange ("Defendant") to provide responses to discovery served by Plaintiffs Erika Macias and Cynthia Rich ("Plaintiffs") and, pursuant to Fed. R. Civ. P. 37, directed Plaintiffs to file a declaration setting forth the amount of attorney's fees incurred in connection with their efforts to compel the production of the discovery at issue. [ECF No. 67.] On April 13, 2016, Plaintiffs filed three (3) declarations by their counsel, Rosalina Spencer, Esq., Branden Butler, Esq., and Christopher Brancart, Esq., in response to the Court's order. [ECF Nos. 71-73.] Defendant filed an opposition to

Plaintiffs' requested fees on April 19, 2016. [ECF No. 78.][1]

For the reasons set forth below, the Court orders Defendant and his counsel to issue payment to Plaintiffs' counsel in the amount of $3,450.00 in attorney's fees and $25.00 in costs pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## I. BACKGROUND

On January 4, 2016, Plaintiffs filed a Motion for Relief from Joint Motion Requirement and to Compel Responses to Discovery, in which they contended that Defendant had failed to respond to Plaintiff Macias's Second Request for Production, Third Request for Production, and Second Set of Interrogatories. [ECF No. 27.] Defendant subsequently faxed responses to the discovery to Plaintiffs' counsel, which the Court deemed served on January 5, 2016. See Jan. 7, 2016 Order, ECF No. 29, at 1. On January 7, 2016, the Court issued an order stating, in relevant part:

> As set forth in the undersigned's Chambers Rules, if the parties have not resolved any disputes arising out of Defendant's written discovery responses, counsel shall, within 45 days of the date the responses were served, file a Joint Motion for Determination of Discovery Dispute with the Court. For purposes of determining the due date of the Joint Motion for Determination of Discovery Dispute only, the Court shall deem January 5, 2016 as the service date of Defendant's written discovery responses. Therefore, any Joint Motion for Determination of Discovery Dispute filed in connection with those responses shall be filed by February 19, 2016. [¶] Counsel shall fully comply with the requirements set forth in the Chambers Rules. Specifically, counsel shall promptly and thoroughly meet and confer regarding all disputed issues [footnote omitted], shall make every effort to resolve all disputes without the necessity of court intervention, and shall, if necessary, jointly and cooperatively prepare a Joint Motion for Determination of Discovery Dispute.

Id. at 2.

---

[1] Defendant's opposition was due to be filed by April 15, 2016. [ECF No. 67.] Although untimely filed, the Court has still taken Defendant's opposition into account as Plaintiffs sustained no prejudice as a result of its late filing.

On February 19, 2016, Plaintiffs filed a Motion for Relief from Joint Motion Requirement and to Compel Responses to Discovery, which was withdrawn and re-filed on the next business day, February 22, 2016, due to a filing technicality with the Court's CM/ECF (Case Management/Electronic Case Filing) system (hereafter collectively "motion to compel"). See ECF Nos. 48, 53, 54. Plaintiffs contended in their motion that although they provided Defendant's counsel with the opportunity to submit his portion of a Joint Motion for Determination of Discovery Dispute, counsel failed to do so. Spencer Decl., ECF No. 54-4, at ¶¶ 3-5. On February 24, 2016, the Court issued an order requiring Defendant to file a response to Plaintiff's February 22, 2016 motion by March 3, 2016. [ECF No. 55.] Defendant failed to do so. On April 7, 2016, this Court issued an order granting Plaintiffs' motion to compel Defendant to provide responses to discovery. [ECF No. 67.]

## II.   LEGAL STANDARDS

If a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the filing of the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The court must not order payment if the moving party(ies) filed the motion before attempting in good faith to obtain the discovery without court intervention; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Id.

## III.   DISCUSSION

Plaintiffs seek payment of the following attorney's fees: Rosalina

1  Spencer - $12,036.00 (40.8 hours at $295 per hour), Branden Butler -
2  $558.00 (1.8 hours at $310 per hour), and Christopher Brancart -
3  $5,400.00 (10.8 hours at $500 per hour).  See ECF Nos. 71-73.
4  Additionally, Plaintiffs seek the payment of $25.00 in costs for the use of an
5  attorney service to deliver courtesy copies to the Court.  See ECF No. 72-1
6  at 1.  Defendant does not contest Plaintiffs' entitlement to an award of
7  expenses or their attorneys' hourly rates, but challenges the
8  reasonableness of the number of hours expended by counsel and argues
9  the award should be no more than $2,500.00, representing approximately
10 eight (8) hours of work.  Opp'n at 1-3.

11      The conduct of Defendant and his counsel during discovery in this
12 matter has been less than satisfactory.  Defendant's failures to respond
13 adequately to discovery and to participate in the meet and confer process
14 have created unnecessary work, caused delay, and resulted in Plaintiffs
15 incurring additional expenses.  However, although Plaintiffs' counsel seek
16 reimbursement for all expenses relating to Defendant's failure to respond
17 adequately to the discovery at issue, the Court finds it appropriate to order
18 the payment of only those reasonable expenses incurred in actually
19 bringing their motion to compel.  See Fed. R. Civ. P. 37(a)(5)(A).  The
20 Court will not order the payment of expenses pre-dating the February 2016
21 motion to compel, including expenses related to reviewing Defendant's
22 discovery responses and meeting and conferring with Defendant's counsel,
23 as such expenses are incurred in the normal course of litigation.  The Court
24 will also not order Defendant to compensate Plaintiffs' counsel for
25 duplicative work or for preparing their declarations setting forth the amount
26 of fees sought.  Finally, and most significantly, the Court finds the time
27 expended on preparing the motion to compel was excessive given the fact
28 the motion was very simple, straightforward, and required very little legal

research.  "To decide whether a lawyer's bills were 'reasonably incurred,' a judge properly looks at whether what the lawyer did was reasonable when he did it, and compensates for time reasonably spent." <u>Balla v. Idaho</u>, 677 F.3d 910, 921 (9th Cir. 2012).  The Court, based on its familiarity with this matter and after careful review of counsels' declarations, has reduced the expenses to be paid to what the Court deems reasonable amounts incurred in bringing the motion to compel, as follows:  Spencer attorney's fees $2,950.00 (10 hours at $295.00 per hour), Brancart attorney's fees $500.00 (1 hour at $500.00 per hour), and costs of $25.00, for a total of **$3,475.00**.

## IV.   CONCLUSION

For the above reasons, the Court orders Defendant and his counsel to issue payment to Plaintiffs' counsel pursuant to Fed. R. Civ. P. 37(a)(5)(A) in the amount of $3,450.00 in attorney's fees and $25.00 in costs, for a total of **$3,475.00**, by no later than **May 20, 2016**.  The Court reserves the right to issue or recommend further sanctions if Defendant and/or his counsel fail to comply with this Order.

**IT IS SO ORDERED.**

DATED:  May 11, 2016

                                        Jan M. Adler
                                        U.S. Magistrate Judge