# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS AND CYNTHIA RICH,<br><br>                                  Plaintiffs,<br>v.<br><br>MYRON LANGE,<br><br>                                  Defendant. | CASE NO. 14cv2763-GPC(JMA)<br><br>**ORDER RE DEFENSE COUNSEL'S EX PARTE MOTION TO WITHDRAW AS COUNSEL**<br><br>[Dkt. No. 89.] |

Before the Court is defense counsel's ex parte motion to withdraw as counsel for Defendant Myron Lange ("Defendant"). (Dkt. No. 89.) No opposition has been filed. Based on the reasoning below, the Court notifies defense counsel that it intends to grant his motion to withdraw as counsel once the pretrial order is lodged with the Court.

**Discussion**

Seth Bobroff, counsel of record, for Defendant moves to withdraw as counsel because Defendant has expressly informed counsel that "he no longer wished to have me represent him in this matter and wished to represent himself going forward including the upcoming trial. He is steadfast in his decision and is adamant in his resolve and desire towards self-representation." (Dkt. No. 89-1, Bobroff Decl. ¶ 3.)

"An attorney may not withdraw as counsel except by leave of court." Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has

1  discretion whether to grant or deny an attorney's motion to withdraw in a civil case. See La Grand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Stewart v. Boeing Co., No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Local Civil Rule 83.3(f)(3) also provides:

> Withdrawals. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

Local Civil R. 83.3(f)(3). Here, defense counsel has filed a certificate of service which indicates that the motion was served on his client and to opposing counsel. (Dkt. No. 89.)

Defense counsel has stated that Defendant adamantly wants to proceed with trial without counsel. No party has opposed the motion to withdraw so no prejudice has been shown. However, the Court has concerns whether there will be harm to the administration of justice and possibly a delay in the resolution of the case if Defendant were to proceed pro se prior to the filing of the pretrial order. According to the amended scheduling order, a pretrial order is to be lodged with the Court on June 3, 2016 with a pretrial conference scheduled on June 10, 2016. (Dkt. No. 69 at 3.)

Therefore, the Court intends to grant defense counsel's motion to withdraw as counsel on the condition that defense counsel participates in the lodging of the pretrial

/ / /

1  order on June 3, 2016.  Once a pretrial order is lodged, the Court will grant defense
2  counsel's motion to withdraw.
3        IT IS SO ORDERED.
4
5  DATED:  June 1, 2016

                              HON. GONZALO P. CURIEL
                              United States District Judge