LEGAL AID SOCIETY OF SAN DIEGO, INC.
BRANDEN G. BUTLER, ESQ., SBN 265127
Email: *brandenb@lassd.org*
ROSALINA L. SPENCER, ESQ., SBN 259866
Email: *rosalinas@lassd.org*
110 S. Euclid Avenue
San Diego, California 92114
Tel: (619) 471-2623
Fax: (619) 471-2788

BRANCART & BRANCART
CHRISTOPHER BRANCART, ESQ., SBN 128475
Email: *cbrancart@brancart.com*
P.O. Box 686
Pescadero, California 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiffs
ERIKA MACIAS & CYNTHIA RICH

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**ERIKA MACIAS and CYNTHIA RICH,**

**Plaintiffs,**

**vs.**

**MYRON LANGE**

**Defendant.**

Case No. **14CV02763 GPC JMA**

**JOINT PROPOSED JURY INSTRUCTIONS**

///

///

///

///

///

///

Under Rule 51 of the Federal Rules of Civil Procedure and Local Rule 51.1, Plaintiffs and Defendant submit these proposed jury instructions.

Dated: October 11, 2016

Respectfully submitted,

BRANCART & BRANCART

LEGAL AID SOCIETY OF
SAN DIEGO, INC.

*/s/ Branden Butler*

BRANDEN G. BUTLER, ESQ.
BrandenB@lassd.org
Attorneys for Plaintiffs

*/s/ Myron Lange*
Myron Lange
Defendant, Pro se

# INDEX

## Instructions to Read Before Opening Statements

1. Ninth Circuit Model Jury Instruction 1.1A – Duty of the Jury
2. Ninth Circuit Model Jury Instruction 1.2 – Claims and Defenses
3. Ninth Circuit Model Jury Instruction 1.3 – Burden of Proof, Preponderance of the Evidence
4. Ninth Circuit Model Jury Instruction 1.6 – What is Evidence
5. Ninth Circuit Model Jury Instruction 1.7 – What is Not Evidence
6. Ninth Circuit Model Jury Instruction 1.9 – Direct and Circumstantial Evidence
7. Ninth Circuit Model Jury Instruction 1.10 – Ruling on Objections
8. Ninth Circuit Model Jury Instruction 1.11 – Credibility of Witnesses
9. Ninth Circuit Model Jury Instruction 1.12 – Conduct of the Jury
10. Ninth Circuit Model Jury Instruction 1.13 – No Transcript Available to Jury
11. Ninth Circuit Model Jury Instruction 1.14 – Taking Notes
12. Ninth Circuit Model Jury Instruction 1.18 – Bench Conferences and Recesses
13. Ninth Circuit Model Jury Instruction 1.19 – Outline of Trial

## Instructions to Read Before Closing Statements

*General Instructions*

14. Ninth Circuit Model Jury Instruction 1.1C – Duty of the Jury

*Liability Instructions*

15. Claims in the Case

*Claims Asserted by Both Rich & Macias*

16. Breach of the Covenant of Quiet Enjoyment (CACI 325)
17. Unruh Civil Rights Act (CACI 3060)

*Claims Asserted by Macias Only*

18. Quid Pro Quo Sexual Harassment
19. Hostile Housing Environment Sexual Harassment
20. The Ralph Act (CACI 3063, 3064)
21. Civil Code 51.9 (CACI 3065)
22. Invasion of Privacy (CACI 1800)

*Damages Instructions*

23. Ninth Circuit Model Jury Instruction 5.1 – Damages – Proof
24. Damages for Breach of the Covenant of Quiet Enjoyment (Cal. Civ. Code § 3300)
25. Damages for Violation of the Unruh Act (CACI 3067)

26.Damages for Violation of the Ralph Act (CACI 3068)
27.Damages for Violation of Civil Code 51.9 (Cal. Civ. Code § 52(b))
28.Damages for Invasion of Privacy
29.Damages for Sexual Harassment
30.Definition of Emotional Distress
31.Definition of Lost Housing Opportunity
32.Punitive Damages (Ninth Circuit Model Instruction 5.5 & CACI 3940)

*Deliberations*

33.Ninth Circuit Model Jury Instruction 3.1 – Duty to Deliberate
34.Ninth Circuit Model Jury Instruction 3.1A – Consideration of the Evidence
35.Ninth Circuit Model Jury Instruction 3.2 – Communication with the Court
36.Ninth Circuit Model Jury Instruction 3.3 – Return of Verdict

**Plaintiffs' Proposed Jury Instruction No. 1 –**

**Duty of the Jury**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:

Ninth Circuit Model Jury Instruction 1.1B

**Plaintiffs' Proposed Jury Instruction No. 2 –**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs are Erika Macias and Cynthia Rich. The defendant is Myron Lange.

Plaintiff Rich has two claims against Defendant Lange. Those two claims are for (1) breaching of the covenant of quiet enjoyment and (2) violating Rich's rights under the Unruh Civil Rights Act.

Plaintiff Macias has seven claims against Defendant Lange. They are for (1) breach of the covenant of quiet enjoyment, (2) violating Rich's rights under the Unruh Civil Rights Act, (3) quid pro quo sexual harassment, (4) hostile housing environment sexual harassment, (5) violating her rights under the Ralph Act, (6) violating her rights under Civil Code Section 51.9, and (5) invasion of privacy.

Plaintiff Rich has the burden of proving her claims and Plaintiff Macias has the burden of proving her claims.

Authority:

Ninth Circuit Model Jury Instruction 1.2

**Plaintiffs' Proposed Jury Instruction No. 3 –**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:

Ninth Circuit Model Jury Instruction 1.3

**Plaintiffs' Proposed Jury Instruction No. 5 –**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts, including stipulations, to which the parties have agreed.

Authority:

Ninth Circuit Model Jury Instruction 1.6

**Plaintiffs' Proposed Jury Instruction No. 6 –**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers or the defendant who is representing himself are not evidence. The lawyers are not witnesses and the defendant representing himself is not a witness unless he takes the witness stand. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers or the defendant stated them, your memory of them controls.

2. Questions and objections by lawyers or the defendant are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:

Ninth Circuit Model Jury Instruction 1.7 (modified).

## Plaintiffs' Proposed Jury Instruction No. 7 –

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority:

Ninth Circuit Model Jury Instruction 1.9

**Plaintiffs' Proposed Jury Instruction No. 8 –**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:

Ninth Circuit Model Jury Instruction 1.10

**Plaintiffs' Proposed Jury Instruction No. 9 –**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:

Ninth Circuit Model Jury Instruction 1.11

**Plaintiffs' Proposed Jury Instruction No. 10 –**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about

your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

Ninth Circuit Model Jury Instruction 1.12

**Plaintiffs' Proposed Jury Instruction No. 11 –**

**No Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority:

Ninth Circuit Model Jury Instruction 1.13

**Plaintiffs' Proposed Jury Instruction No. 12 –**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority:

Ninth Circuit Model Jury Instruction 1.14

**Plaintiffs' Proposed Jury Instruction No. 13 –**

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:

Ninth Circuit Model Jury Instruction 1.18

**Plaintiffs' Proposed Jury Instruction No. 14 –**

**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The plaintiff will then present evidence, and the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

Authority:

Ninth Circuit Model Jury Instruction 1.19

**Plaintiffs' Proposed Jury Instruction No. 15 –**

**Duty of the Jury**

Members of the Jury: Now that you have heard all of the evidence and the parties' arguments, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:

Ninth Circuit Model Jury Instruction 1.1C

**Plaintiffs' Proposed Jury Instruction No. 16 –**

**Plaintiffs' Claims**

As I explained before opening statements, Plaintiff Cynthia Rich has asserted two claims against Defendant Myron Lange and Plaintiff Erika Macias has asserted seven claims against Defendant Lange.

I will now instruct you on the law that applies to those claims.

Authority:

None. This is an organization "instruction."

**Plaintiffs' Proposed Jury Instruction No. 17 –**

**Breach of the Covenant of Quiet Enjoyment**

Both Plaintiff Rich and Plaintiff Macias have asserted claims against Defendant Lange for breach of the covenant of quiet enjoyment.

In every residential lease there is an implied covenant of quiet enjoyment. The covenant protects the tenant against any act or omission on the part of the landlord which interferes with a tenant's right to use and enjoy the rental for the purposes contemplated by tenancy.

To prove that a defendant breached the covenant, a plaintiff must show:

1. The existence of a lease agreement between the plaintiff and the defendant;
2. That the defendant acted or failed to act in a way that substantially interfered with the plaintiff's right to use and enjoy the rental premises; and,
3. That this action or inaction harmed the plaintiff.

Authority:

- CACI 325 (elements of breach of covenant of good faith and fair dealing)

- *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 589 (Cal. App. Ct. 2005) ("The implied covenant of quiet enjoyment and the implied covenant of good faith and fair dealing overlap to impose similar duties of care.")
- *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 588 (Cal. App. Ct. 2005) ("In the absence of language to the contrary, every lease contains an implied covenant of quiet enjoyment, whereby the landlord impliedly covenants that the tenant shall have quiet enjoyment and possession of the premises.") (collecting cases)

**Plaintiffs' Proposed Jury Instruction No. 18 –**

**Violation of the Unruh Civil Rights Act**

Both Plaintiff Rich and Plaintiff Macias have asserted claims against Defendant Lange for violation of the Unruh Civil Rights Act. To prove a violation of the Unruh Civil Rights Act, a plaintiff must show:

1. That the defendant discriminated or made a distinction that denied full and equal accommodations, advantages, facilities, privileges, and services to the plaintiff;
2. That a substantial motivating reason for the defendant's conduct was the plaintiff's sex;
3. That the plaintiff was harmed;
4. That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

For purposes of this claim, a substantial motivating reason is a reason that actually contributed to the conduct. It must be more than a remote or trivial reason but it does not have to be the only reason motivating the conduct.

Authority:

- CACI 3060 (Elements of Unruh Act Claim)
- CACI 2507 ("Substantial Motivating Reason" Explained)

**Plaintiffs' Proposed Jury Instruction No. 19 –**

**Quid Pro Quo Sexual Harassment**

Plaintiff Macias asserts a claim for quid pro quo sexual harassment against Defendant Lange. To prove this claim, Plaintiff Macias must show that:

1. That Defendant Lange requested that Plaintiff Macias engage in conduct;
2. That the conduct was sexual in nature; and,
3. That, implicitly or explicitly, Defendant Lange conditioned any of the terms, conditions, or privileges of renting from him on Plaintiff Macias's submission to the request.

To prove this claim, Plaintiff Macias need show only one such request.

Authority:

- The federal Fair Housing Act prohibits quid pro quo sexual harassment. 42 U.S.C. § 3604(b); 24 C.F.R. § 100.600(a) & (a)(1); *Krueger v. Cuomo*, 115 F.3d 487, 491 (7th Cir. 1997) (citing *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996)); *Honce v. Vigil*, 1 F.3d 1085, 1089 (10th Cir. 1993)
- The California Fair Employment and Housing Act also prohibits quid pro quo sexual harassment because its protection is at least as broad as that of the federal Fair Housing Act. Cal. Gov't Code § 12955.6 ("Nothing in this part

shall be construed to afford to the classes protected under this part, fewer rights or remedies than the federal Fair Housing Amendments Act of 1988 and its implementing regulations … ."); *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 (9th Cir. 2001) ("[W]e apply the same standards to FHA and FEHA claims … ."); *Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1248 (E.D. Cal. 2009) ("[V]iolations of The Fair Housing Act will also constitute violations of the parallel provisions of FEHA.")

- Courts defer to HUD's interpretations of the Fair Housing Act, found in the Code of Federal Regulations. *Meyer v. Holley*, 537 U.S. 280, 287-88 (2003) ("the Court ordinarily defers to an administering agency's reasonable statutory interpretation") (citing *Chevron*); *Harris v. Itzhaki*, 183 F.3d 1043, 1051-52 (9th Cir.1999) ("The Secretary of Housing and Urban Development ("HUD") ordinarily commands considerable deference in interpreting the FHA because HUD is the federal agency primarily assigned to implement and administer Title VIII.")

**Plaintiffs' Proposed Jury Instruction No. 20 –**

**Hostile Housing Environment Sexual Harassment**

Plaintiff Macias asserts a claim for hostile housing environment sexual harassment. To prove this claim, Macias must show:

1. That Defendant Lange sexually harassed her; and,
2. That the harassment was severe or pervasive enough to interfere with Plaintiff Macias's use and enjoyment of her rental unit.

Sexual harassment includes any unwelcome sexual conduct, whether written or verbal and it includes, but does not require, physical touching.

You must determine whether any sexual harassment was severe or pervasive by looking at the totality of the circumstances and viewing the harassment from the perspective of a reasonable person in Plaintiff Macias's position. Factors you can consider include, but are not limited to, the nature of the conduct, the context in which the conduct occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved. A single incident of sexual harassment, if sufficiently severe, is enough. To show that any harassment was severe or pervasive, Plaintiff Macias does not need to show that she was psychologically or physically injured. But, if you find that she was, you can consider any such injury as evidence of severity or pervasiveness.

Authority:

- The federal Fair Housing Act prohibits hostile environment sexual harassment. 42 U.S.C. § 3604(b); 24 C.F.R. § 100.600(a) & (a)(2); *Krueger v. Cuomo*, 115 F.3d 487, 491 (7th Cir. 1997) (citing *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996)); *Honce v. Vigil*, 1 F.3d 1085, 1089 (10th Cir. 1993)
- Sexual harassment violates the Fair Housing Act if it is severe or pervasive enough to interfere with the plaintiff's use or enjoyment of a dwelling. 24 C.F.R. § 100.600(a)(2)
- Severity and pervasiveness are judged from the perspective of a reasonable person in the plaintiff's position. 24 C.F.R. § 100.600(a)(2)(i)(C)
- List of factors. 24 C.F.R. § 100.600(a)(2)(i)(A) & (B)
- Harassment can be written, verbal, or physical but does not require physical contact. 24 C.F.R. § 100.600(b)
- One incident sufficient. 24 C.F.R. § 100.600(c)
- The California Fair Employment and Housing Act also prohibits hostile environment sexual harassment because its protection is at least as broad as that of the federal Fair Housing Act. Cal. Gov't Code § 12955.6 ("Nothing in this part shall be construed to afford to the classes protected under this part, fewer rights or remedies than the federal Fair Housing Amendments Act of

1988 and its implementing regulations … ."); *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 (9th Cir. 2001) ("[W]e apply the same standards to FHA and FEHA claims … ."); *Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1248 (E.D. Cal. 2009) ("[V]iolations of The Fair Housing Act will also constitute violations of the parallel provisions of FEHA.")

- Courts defer to HUD's interpretations of the Fair Housing Act, found in the Code of Federal Regulations. *Meyer v. Holley*, 537 U.S. 280, 287-88 (2003) ("the Court ordinarily defers to an administering agency's reasonable statutory interpretation") (citing *Chevron*); *Harris v. Itzhaki*, 183 F.3d 1043, 1051-52 (9th Cir.1999) ("The Secretary of Housing and Urban Development ("HUD") ordinarily commands considerable deference in interpreting the FHA because HUD is the federal agency primarily assigned to implement and administer Title VIII.")

**Plaintiffs' Proposed Jury Instruction No. 21 –**

**The Ralph Act**

Plaintiff Macias asserts that Defendant Lange violated her rights under the Ralph Act. To prove this claim, she must show:

1. That Defendant Lange intentionally threatened violence against Plaintiff Macias, whether or not Defendant Lange actually intended to carry out the threat;
2. That a substantial motivating reason for Defendant Lange's conduct was his perception of Plaintiff Macias's sex;
3. That a reasonable person in Plaintiff Macias's position would have believed that Defendant Lange would carry out his threat;
4. That a reasonable person in Plaintiff Macias's position would have been intimidated by Defendant Lange's conduct;
5. That Plaintiff Macias was harmed; and,
6. That Defendant Lange's conduct was a substantial factor in causing Plaintiff Macias's harm.

For purposes of this claim, a substantial motivating reason is a reason that actually contributed to the conduct. It must be more than a remote or trivial reason but it does not have to be the only reason motivating the conduct.

Authority:

- CACI 3063 (Elements of Ralph Act Claim)
- CACI 2507 (“Substantial Motivating Reason” Explained)

**Plaintiffs' Proposed Jury Instruction No. 22 –**

**Civil Code 51.9**

Plaintiff Macias asserts that Defendant Lange violated her right under Civil Code 51.9. To prove this claim, Plaintiff Macias must show:

1. That Plaintiff Macias had a business, service, or professional relationship with Defendant Lange;
2. That Defendant Lange made sexual advances, solicitations, requests, or demands to Plaintiff Macias;
3. That Defendant Lange's conduct was unwelcome and also pervasive or severe;
4. That Plaintiff Macias was unable to easily end the relationship with Defendant Lange; and
5. That Plaintiff Macias has suffered or will suffer emotional distress as a result of Defendant Lange's conduct.

You should determine whether the conduct severe or pervasive by considering the totality of the circumstances, including but not limited to: the nature of the conduct, how often, and over what period of time, the conduct occurred, the circumstances under which the conduct occurred, whether the conduct was physically threatening or humiliating, and the extent to which the conduct unreasonably interfered with Plaintiff Macias's use or enjoyment of her rental unit.

Authority

- CACI 3065 (Violation of Civil Code § 51.9)
- CACI 2524 (Severe or Pervasive Defined [Modified])

**Plaintiffs' Proposed Jury Instruction No. 23 –**

**Invasion of Privacy**

Plaintiff Macias asserts that Defendant Lange invaded her privacy. To prove this claim, Plaintiff Macias must show:

1. That Plaintiff Macias had a reasonable expectation of privacy in her home;

2. That Defendant Lange intentionally intruded into Plaintiff Macias's home;

3. That Defendant Lange's intrusion would be highly offensive to a reasonable person;

4. That Plaintiff Macias was harmed; and

5. That Defendant Lange's conduct was a substantial factor in causing Plaintiff Macias's harm.

In deciding whether Plaintiff Macias had a reasonable expectation of privacy in her home, you should consider among other factors, the following:

a. The identity of Defendant Lange;

b. The extent to which other persons had access to Plaintiff Macias's home and could see or hear Plaintiff Macias there;

c. The means by which the intrusion occurred;

In deciding whether the intrusion was highly offensive to a reasonable person, you should consider, among other factors, the following:

a. The extent of the intrusion;

b. Defendant Lange's motives and goals; and

c. The setting in which the intrusion occurred.

Authority

- CACI 1800 (Intrusion Into Private Affairs)

**Plaintiffs' Proposed Jury Instruction No. 24 –**

**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a plaintiff on a claim, you must determine the amount of damages for that plaintiff on that claim. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, the plaintiff does not have to prove the exact amount of the harm or the exact amount of the damages that will provide reasonable compensation for the harm.

Each of the plaintiffs' claims, if proven, entitles the plaintiff to different types of damages. I will now instruct on the law of damages as to each of the claims involved in the case.

Authority:

Ninth Circuit Model Jury Instruction 5.1 (Modified)

**Plaintiffs' Proposed Jury Instruction No. 25 –**

**Damages for Breach of the Covenant of Quiet Enjoyment**

If you find that either plaintiff proves that Defendant Lange breached the covenant of quiet enjoyment, then you must award the amount which will compensate that plaintiff for all the harm proximately caused by the breach.

Authority:

- "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300
- *Nativi v. Deutsche Bank Nat'l Trust Co.*, 223 Cal. App. 4th 261, 293, review denied (Apr. 30, 2014) ("Civil Code section 3300 provides the measure of contract damages for breach of the covenant of quiet enjoyment implied in a lease."

**Plaintiffs' Proposed Jury Instruction No. 26 –**

**Damages for Violation of the Unruh Act**

If you find that either plaintiff proves that Defendant Lange breached the covenant of quiet enjoyment, then you must decide how much money will reasonably compensate that plaintiff for the harm.

The following are the specific items of damages claimed by Plaintiffs Rich and Macias:

1. Emotional Distress
2. Lost Housing Opportunity

I will define each of these types of damages for you in a moment.

In addition to damages for emotional distress and lost housing opportunity, you may award Plaintiff Rich and Plaintiff Macias up to three times the amount of their actual damages as a penalty against Defendant Lange.

Authority:

- CACI 3067 (Unruh Civil Rights Act—Damages)

**Plaintiffs' Proposed Jury Instruction No. 27 –**

**Damages for Violation of the Ralph Act**

If you find that Plaintiff Macias has proven claim under the Ralph Act against Defendant Lange, you must award the following:

1. Actual damages sufficient to reasonably compensate Plaintiff Macias for the harm;
2. A civil penalty of $25,000; and
3. Punitive damages.

The following are the specific items of actual damages claimed by Plaintiff Macias:

1. Emotional Distress
2. Lost Housing Opportunity

Authority:

- CACI 3068 (Ralph Act—Damages and Penalty)

**Plaintiffs' Proposed Jury Instruction No. 28 –**

**Damages for Violation of Civil Code 51.9**

If you find that Plaintiff Macias has proven that Defendant Lange violated her rights under Civil Code 51.9, then you must award her:

1. Actual damages sufficient to reasonably compensate Plaintiff Macias for the harm; and
2. Punitive damages.

The following are the specific items of actual damages claimed by Plaintiff Macias:

1. Emotional Distress
2. Lost Housing Opportunity

Authority:

- Cal. Civ. Code § 52(b)(1) ("Whoever denies the right provided by Section … 51.9 … is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: An amount to be determined by a jury … for exemplary damages.").

**Plaintiffs' Proposed Jury Instruction No. 29 –**

**Damages for Invasion of Privacy**

If you find that Plaintiff Macias has proven that Defendant Lange invaded her privacy, then you must award her damages to reasonably compensate her for the emotional distress caused by the invasion.

Authority:

- CACI 1800 (Intrusion) ("Damages flowing from an invasion of privacy logically would include an award for mental suffering and anguish.) (internal quotation marks and citations omitted).

**Plaintiffs' Proposed Jury Instruction No. 30 –**

**Damages for Sexual Harassment**

If you find that Plaintiff Macias proven her claim for quid pro quo sexual harassment or her claim for hostile housing environment sexual harassment, then you must award her damages for:

1. Emotional Distress
2. Lost Housing Opportunity

And you may, but need, not award her punitive damages. I will instruct on the law of punitive damages in a moment.

Authority:

- 42 U.S.C. § 3613(c) ("In a civil action ..., if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages … .")
- *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1172 (9th Cir. 2013) ("Damages are available under the FHA for any unusual level of anxiety, embarrassment, or humiliation suffered by plaintiffs as a result of a defendant's discriminatory actions.")

- *Krueger v. Cuomo*, 115 F.3d 487, 492 (7th Cir. 1997) (affirming damages awarded based on difference in cost between defendant's property and where plaintiff lived after the discrimination)
- *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 112 (3d Cir. 1981) ("we conclude that the difference in rent and utility bills between the two apartments is the proper measure of damages in these circumstances")
- Schwemm, *Housing Discrimination Law & Litigation* § 25:5 ("Most of the actual damages awarded in Fair Housing Act cases have been to compensate the plaintiff for nonmonetary injuries such as humiliation, embarrassment, and emotional distress")
- Schwemm, *Housing Discrimination Law & Litigation* § 25:5 ("Economic damages resulting from being discriminated against may include a variety of items, such as the expenses incurred in finding another place to live and the difference in cost between the housing denied the plaintiff and the unit he does obtain.") (collecting cases)
- Schwemm, *Housing Discrimination Law & Litigation* § 25:6 ("the court's authority to award damages for emotional distress under § 3613(c)(1) is clear").

**Plaintiffs' Proposed Jury Instruction No. 31 –**

**Definition of Emotional Distress**

In my instructions I have referred to emotional distress damages. Emotional distress damages include the mental and emotional pain and suffering that the plaintiffs claim they experienced, and which they claims they are reasonably likely to experience in the future. Emotional distress may be proven by testimony alone. There is no need for a doctor's testimony or medical records. Due to the nature of emotional distress damages, it is impossible to fix their amount exactly. You should determine an award you think fairly compensates the plaintiffs.

Authority:

- Ninth Circuit Pattern Instruction 5.2 (defining emotional distress damages)
- 42 U.S.C. § 3613(c) ("In a civil action ..., if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages … .")
- *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1172 (9th Cir. 2013) ("Damages are available under the FHA for any unusual level of anxiety, embarrassment, or humiliation suffered by plaintiffs as a result of a defendant's discriminatory actions.")

- Schwemm, *Housing Discrimination Law & Litigation* § 25:5 ("Most of the actual damages awarded in Fair Housing Act cases have been to compensate the plaintiff for nonmonetary injuries such as humiliation, embarrassment, and emotional distress")
- Schwemm, *Housing Discrimination Law & Litigation* § 25:6 ("the court's authority to award damages for emotional distress under § 3613(c)(1) is clear").

**Plaintiffs' Proposed Jury Instruction No. 32 –**

**Definition of Lost Housing Opportunity**

In my instructions on damages, I have referred to damages for lost housing opportunity. Lost housing opportunity includes thee loss of the use and enjoyment of a rental unit. This category of damages includes the difference in value between the Plaintiff Macias's rental with Defendant Lange's allegedly unlawful conduct and what the value would have been had the conduct not occurred.

Authority:

- 42 U.S.C. § 3613(c) ("In a civil action ..., if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages … .")
- Krueger v. Cuomo, 115 F.3d 487, 492 (7th Cir. 1997) (affirming damages awarded based on difference in cost between defendant's property and where plaintiff lived after the discrimination)
- Miller v. Apartments & Homes of New Jersey, Inc., 646 F.2d 101, 112 (3d Cir. 1981) ("we conclude that the difference in rent and utility bills between the two apartments is the proper measure of damages in these circumstances")
- Schwemm, Housing Discrimination Law & Litigation § 25:5 ("Economic damages resulting from being discriminated against may include a variety of

items, such as the expenses incurred in finding another place to live and the difference in cost between the housing denied the plaintiff and the unit he does obtain.") (collecting cases)

**Plaintiffs' Proposed Jury Instruction No. 33 –**

**Punitive Damages**

In my instructions on damages, I have used the term punitive damages. I will instruct you on the law that applies to punitive damages. First, I will instruct on what you must find before awarding punitive damages. Then, I will instruct you on how to determine the amount of punitive damages.

If you find for Plaintiff Macias on her claim for quid pro quo sexual harassment or her claim for hostile housing environment then you may award Plaintiff Macias punitive damages only if you find, by a preponderance of the evidence, that Defendant Lange acted in reckless disregard of Plaintiff Macias's right to be free from sexual harassment. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights.

If, under the standard I have just instructed you on, you determine that punitive damages are appropriate, you should consider the following factors in determining the amount to award:

1. How reprehensible was Myron Lange's conduct? In deciding how reprehensible Myron Lange's conduct was, you may consider, among other factors:

   a. Whether the conduct caused physical harm;

b. Whether Myron Lange disregarded the health or safety of others;

c. Whether plaintiff Macias was financially weak or vulnerable and Myron Lange knew plaintiff Macias was financially weak or vulnerable and took advantage of her;

d. Whether Myron Lange's conduct involved a pattern or practice; and

e. Whether Myron Lange acted with trickery or deceit.

2. Is there a reasonable relationship between the amount of punitive damages and plaintiff Macias's harm that Myron Lange knew was likely to occur because of his conduct?

3. In view of Myron Lange's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Myron Lange has substantial financial resources.

Punitive damages may not be used to punish Defendant Lange for the impact of his alleged misconduct on persons other than Plaintiffs Macias and Rich.

Authority:

- Ninth Circuit Model Jury Instruction 5.5 – Punitive Damages

- CACI 3940 (Punitive Damages—Individual Defendant—Trial Not Bifurcated)
- 42 U.S.C. § 3613(c) (“In a civil action ..., if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages … .”)
- *Fountila v. Carter*, 571 F.2d 487, 492 (9th Cir. 1978) (“We think the evidence adduced at trial was sufficient to warrant a jury finding that some award of punitive damages was appropriate under the circumstances of this case. Mrs. Carter admitted that she hung up on Mr. Fountila once she found out that he was black, thereby terminating their telephone conversation.”)

**Plaintiffs' Proposed Jury Instruction No. 34 –**

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

- Ninth Circuit Model Jury Instruction 3.1 – Duty to Deliberate

**Plaintiffs' Proposed Jury Instruction No. 35 –**

**Consideration of the Evidence**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who

violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

- Ninth Circuit Model Jury Instruction 3.1A – Consideration of the Evidence

**Plaintiffs' Proposed Jury Instruction No. 36 – Communication with the Court**

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:

- Ninth Circuit Model Jury Instruction 3.2 – Communication with Court

**Plaintiffs' Proposed Jury Instruction No. 37 – Communication with the Court**

**Communication with the Court**

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority:

Ninth Circuit Model Jury Instruction 3.3 – Return of Verdict

# PROOF OF SERVICE

*MACIAS, ET AL. V. LANGE*
*USDC-So. Dist. Of Cal. Case No: 14-cv-02763-GPC-JMA*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action;

My business address is: Legal Aid Society of San Diego, Inc., 110 S. Euclid Ave., San Diego, CA 92114.

I served the below listed person(s)/party(s) the following document(s) on October 11, 2016:

**JOINT PROPOSED JURY INSTRUCTIONS**

I served the documents listed person(s)/party(s):

Myron Lange
5418 Wellesley Street W, La Mesa, CA 91942

**_X_ By Mail**
I served the foregoing document(s) by placing a true copy(s) in a sealed envelope(s) addressed as stated on the attached Service List. The envelope was mailed with postage thereon fully prepaid on interested parties in this action by placing a true copy thereof in the United States mail at Laguna Hills, California.

**___ By Electronic Transmission**
I transmitted a PDF version of the above listed document(s) by electronic mail to the party(s) identified on the attached Service List using the e-mail address(es) indicated.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 11, 2016, at San Diego, CA.

______________________________
Iva Lunsford

**PROOF OF SERVICE**

*MACIAS, ET AL. V. LANGE*
*USDC-So. Dist. Of Cal. Case No: 14-cv-02763-GPC-JMA*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action;

My business address is: Legal Aid Society of San Diego, Inc., 110 S. Euclid Ave., San Diego, CA 92114.

I served the below listed person(s)/party(s) the following document(s) on October 11, 2016:

**JOINT PROPOSED JURY INSTRUCTIONS**

I served the documents listed person(s)/party(s):

Myron Lange
5418 Wellesley Street W, La Mesa, CA 91942

**_X_ By Mail**
I served the foregoing document(s) by placing a true copy(s) in a sealed envelope(s) addressed as stated on the attached Service List. The envelope was mailed with postage thereon fully prepaid on interested parties in this action by placing a true copy thereof in the United States mail at Laguna Hills, California.

**___ By Electronic Transmission**
I transmitted a PDF version of the above listed document(s) by electronic mail to the party(s) identified on the attached Service List using the e-mail address(es) indicated.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 11, 2016, at San Diego, CA.

Iva Lunsford