# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS AND CYNTHIA RICH,<br><br>　　　　Plaintiffs,<br>v.<br>MYRON LANGE,<br><br>　　　　Defendant. | CASE NO. 14cv2763-GPC(JMA)<br><br>**ORDER GRANTING PLAINTIFF RICH'S MOTION TO DISMISS**<br><br>[Dkt. No. 149.] |

Before the Court is Plaintiff Cynthia Rich's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. No. 149.) Defendant Myron Lange, proceeding pro se, has not filed an opposition. Having reviewed the moving papers, and the applicable law, the Court GRANTS Plaintiff's motion to dismiss.

## Background

On November 19, 2014, Plaintiffs Erika Macias ("Macias") and Cynthia Rich ("Rich") filed a complaint against Defendant Myron Lange ("Defendant") for violations of the Fair Housing Act ("FHA"); California Fair Employment and Housing Act ("FEHA"); California Civil Code section 51.9; California Ralph Act; California Unruh Civil Rights Act ("Unruh Act"); breach of the covenant of quiet use and enjoyment; and invasion of privacy. (Dkt. No. 1, Compl.) Plaintiffs allege Defendant sexually harassed them when they were tenants of Defendant's residential rental properties. Plaintiff Rich remains a current tenant of Defendant. On February 6, 2015,

1  Defendant, with counsel, filed an answer. (Dkt. No. 7.)

2  On April 1, 2016, the Court denied Defendant's motion for summary judgment on all causes of action as to Macias. (Dkt. No. 63.) The Court also granted in part and denied in part Defendant's motion for summary judgment as to Rich. (Id.) Specifically, as to Rich, the Court granted Defendant's motion on the FHA, FEHA, Civil Code section 51.9, Ralph Act, and invasion of privacy causes of action and denied Defendant's motion on the Unruh Act and the breach of the covenant of quiet use and enjoyment causes of action. (Id.) On May 16, 2016, defense counsel filed an *ex parte* motion to withdraw as counsel. (Dkt. No. 89.) On June 6, 2016, the Court granted defense counsel's motion to withdraw after the pretrial disclosures and pretrial order were submitted. (Dkt. No. 93.)

On October 14, 2016, the Court severed Plaintiffs. A jury trial on Macias' claims was held on October 17-18, 2016. (Dkt. Nos. 122, 123.) The jury found in favor of Defendant on the Unruh Act, quid pro quo sexual harassment, and the Ralph Act, and found in favor of Plaintiff Macias on the hostile housing environment - sexual harassment and California Civil Code section 51.9 claims and awarded Macias $55,320.00. (Dkt. No. 129.)

The Court then set a trial date on Rich's complaint for February 27, 2017 which was later rescheduled to March 13, 2017. (Dkt. Nos. 130, 145.) The Court held a status conference on March 3, 2017. (Dkt. No. 148.) At the hearing, the parties disagreed as to the status of a pending settlement agreement between the parties. Due to the parties inability to resolve the disagreement, the Court confirmed the jury trial set for March 13, 2017. (Dkt. No. 148.) Plaintiff filed the instant motion to dismiss and also filed an ex parte motion to continue the trial which was granted, and reset to May 8, 2017. (Dkt. Nos. 150, 151.)

In the motion to dismiss, Plaintiff's counsel asserts that he had spoken with Defendant on the telephone and discussed the terms of a proposed settlement which Defendant agreed to. (Dkt. No. 149-1, Butler Decl. ¶ 2.) Counsel then mailed the

1 proposed settlement agreement to Defendant; however, since the telephone
2 conversation, Defendant has failed to respond to counsel's telephone messages and two
3 followup letters. (Id. ¶ 3.) At the status conference, the Court directed the parties to
4 review the proposed settlement agreement but Defendant refused to speak to Plaintiff's
5 counsel and review the proposed settlement agreement. (Id. ¶ 4.) Due to Defendant's
6 refusal to communicate with Plaintiff's counsel, Rich filed the instant motion to
7 dismiss.

**Discussion**

Federal Rule of Civil Procedure ("Rule") 41(a)(2) provides that " . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice. Fed. R. Civ. P. 41(a)(2). The district court has discretion in ruling on a Rule 41(a)(2) motion. Stevedoring Servs. of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). Under this section, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands Water Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit defines legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." Id. at 97. On a Rule 41(a)(2) dismissal, courts have considered whether a dismissal without prejudice results in a loss of a federal forum, the right to a jury trial or a statute of limitations defense. Id. (citing American Nat'l Bank and Trust Co. of Sapulpa v. Bic Crop., 931 F.2d 1411, 1412 (10th Cir. 1991) (possibility that a plaintiff may gain a tactical advantage by refiling in state court is not legal prejudice); Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1276 (5th Cir. 1990) (the prospect of losing a federal forum and defending in state court is not sufficient legal prejudice); Davis v. USX Corp., 819 F.2d 1270, 1275-76 (4th Cir. 1987) (loss of a valid statute of limitations defense not considered prejudicial)).

Here, Plaintiff Rich seeks to dismiss the entire action without prejudice and with

each party to bear its own costs and attorneys' fees as to her claims and that in the event Rich were to pursue her dismissed claims by re-filing them in this or some other court, then Rich would be liable to pay costs to Defendant in the amount of $500.00. (Dkt. No. 149 at 3-4.) Defendant, as a pro per, has not opposed or asserted any legal prejudice to the requested dismissal. Based on the declaration of Rich's counsel, and the parties' positions at the status conference, both parties seek the dismissal of Rich's claims. Moreover, each party will bear his/her own costs and attorneys' fees and have a deterrent in place in the event Rich seeks to refile her claims. The Court concludes no legal prejudice will result from the dismissal of Rich's claims. Thus, the Court finds it appropriate to grant Plaintiff's motion to dismiss.

## Conclusion

Accordingly, the Court GRANTS Plaintiff Rich's motion to dismiss without prejudice under Rule 41(a)(2) and that each party will bear his/her own costs and attorneys' fees as to Rich's claims and that in the event Rich seeks to pursue her dismissed claims by re-filing them in this or some other court, then Rich would be liable to pay costs to Defendant in the amount of $500.00.

The hearing set for April 7, 2016 shall be **vacated**.

IT IS SO ORDERED.

DATED: March 28, 2017

HON. GONZALO P. CURIEL
United States District Judge