UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS and CYNTHIA RICH,<br><br>Plaintiffs,<br><br>v.<br><br>MYRON LANGE<br><br>Defendant. | Case No.: 14CV2763-GPC(JMA)<br><br>**ORDER DENYING BRANCART & BRANCART'S REQUEST FOR EXAM OF JUDGMENT DEBTOR MYRON LANGE**<br><br>**[ECF No. 202]** |

Before the Court is Judgment Creditor Brancart & Brancart's ("Judgment Creditor") August 31, 2022 request for an order for the appearance and examination of Judgment Debtor/Defendant Myron Lange ("Judgment Debtor"). ECF No. 202. For the reasons set forth below, the Court **DENIES** Judgment Creditor's request without prejudice.

## I.   BACKGROUND

On June 6, 2017, the District Judge entered an order granting in part Plaintiff's request for attorney's fees and cost, awarding $87,578.00 to Judgment Creditor. ECF No. 173. On June 22, 2017, the Clerk of the Court issued an Abstract of Judgment reflecting an $87,578.00 money judgment in favor of Judgment Creditor against Judgment Debtor (the "Judgment"). ECF No. 180. The Judgment has not been paid. ECF No. 202 at 2.

Judgment Creditor represents that Judgment Debtor resides in San Diego County. Judgment Creditor does not state whether or when it has previously examined Judgment Debtor; instead, Judgment Creditor only indicates that it served a set of interrogatories and a set of requests for production of documents on Judgment Debtor. Id. at 2.

## II.   DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Accordingly, in ruling on Judgment Creditor's motion, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." Imperial Bank v. Pim Elec., Inc., 39 Cal. Rptr. 2d 432, 437 (Ct. App. 1995). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," Hooser v. Superior Court, 101 Cal. Rptr. 2d 341, 345 (Ct. App. 2000), disapproved on other grounds by Williams v. Superior Court, 3 Cal. 5th 531 (2017), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment," Troy v. Superior Court, 231 Cal. Rptr. 108, 112 (Ct. App. 1986).

California Code of Civil Procedure § 708.110 provides:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

(b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.

(c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit of otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.

(d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in Section 145.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

(e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal. Civ. Proc. Code § 708.110(a)–(e).

### B. Analysis

Judgment Creditor applies for an order requiring Judgment Debtor to appear and furnish information to aid in enforcement of the money judgment. ECF No. 202 at 1.

Judgment Creditor has failed to meet the requirements of California Code of Civil Procedure § 708.110(b) and (c) in that it failed to assert either that Judgment Creditor has not examined Judgment Debtor within the last 120 days or that there is good cause to allow an examination within 120 days of the previous examination.

### III.   CONCLUSION

Based on the foregoing, Judgment Creditor's Application is **DENIED** without prejudice. Judgment Creditor shall obtain a date and time for the judgment debtor exam

from the CVB clerks, who can be reached by email at cvb@casd.uscourts.gov, before refiling the request.

**IT IS SO ORDERED**.

Dated:  9/2/2022

Hon. Barbara L. Major
United States Magistrate Judge