UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS and CYNTHIA RICH,<br><br>Plaintiffs,<br><br>v.<br><br>MYRON LANGE,<br><br>Defendant. | Case No.: 14CV2763-GPC(JMA)<br><br>**ORDER DENYING JUDGMENT CREDITOR'S MOTION FOR ISSUANCE OF AN AMENDED ORDER FOR EXAMINATION TO ALLOW FOR SERVICE BY MAIL ON JUDGMENT DEBTOR**<br><br>**[ECF No. 215]** |

Before the Court is Judgment Creditor Brancart & Brancart's ("Judgment Creditor") Application and Request for Issuance of Amended Order for Examination to Allow for Service by Mail on Judgment Debtor. ECF No. 215-1. Judgment debtor seeks an order amending paragraph two of the Court's October 20, 2022 Order Granting Renewed Application and Request for Continuance of Exam of Third Person Abraham 'Avi' Waiche and Examination of Judgment Debtor Myron Lange [see ECF No. 213]. ECF No. 215. Judgment Creditor requests that the order be amended to authorize service by mail on Judgment Debtor Myron Lange. ECF No. 215-1 at 1. In support, Judgment Creditor states that it has been diligent in its efforts to personally serve Judgment Debtor to no avail. Id. Judgment Creditor describes its efforts as follows:

- Between September 15, 2022 and September 27, 2022, Judgment Creditor's process server attempted to personally serve Judgment Debtor Lange at his

1

address of record with the Court's September 7, 2022 order[1] six times, but no one answered the door. The attempts were at various times throughout the day.

- Between September 28, 2022 and October 3, 2022, Judgment Creditor's process server unsuccessfully attempted to personally serve Judgment Debtor Lange with the Court's September 26, 2022 order[2] at his address of record and at two other properties owned by Judgment Debtor Lange. The attempts were at various times throughout the day.

- Between October 27, 2022 and November 1, 2022, Judgment Creditor's process server unsuccessfully attempted to personally serve Judgment Debtor Lange with the Court's October 20, 2022 order[3] three times at the address of record that Judgment Debtor Lange confirmed was correct on October 17, 2022.[4] No one answered the door. Judgment Creditor also attempted to personally serve Judgment Debtor Lange at the two other properties he owns without success.

ECF No. 215-1 at 2-3; see also Declaration of Christopher Brancart ("Brancart Decl.") In Support of Judgment Creditor's Application and Request at ¶¶ 4-12, Exh. 1. Judgment Creditor did serve each of the orders described above on Judgment Debtor Lange via mail. Id.

///

---

[1] This order denied Judgment Creditor's request for examination of Judgment Debtor Lange because the request "failed to assert either that Judgment Creditor has not examined Judgment Debtor within the last 120 days or that there is good cause to allow an examination within 120 days of the previous examination." ECF No. 205.

[2] This order granted Judgment Creditor's motion for examination of Judgment Debtor Lange and scheduled the examination for October 26, 2022. ECF No. 208.

[3] This order granted Judgment Creditor's motion for continuance of the October 26, 2022 Judgment Debtor Exam to December 14, 2022 due to Judgment Creditor's inability to serve Judgment Debtor Lange. ECF No. 213.

[4] Judgment Debtor Lange filed a document with the Court listing his address. ECF No. 214. The address is the same location where Judgment Creditor has been attempting to personally serve Judgment Debtor Lange.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Accordingly, in ruling on Judgment Creditor's motion, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." Imperial Bank v. Pim Elec., Inc., 39 Cal. Rptr. 2d 432, 437 (Ct. App. 1995). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," Hooser v. Superior Court, 101 Cal. Rptr. 2d 341, 345 (Ct. App. 2000), disapproved on other grounds by Williams v. Superior Court, 3 Cal. 5th 531 (2017), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment," Troy v. Superior Court, 231 Cal. Rptr. 108, 112 (Ct. App. 1986).

California Code of Civil Procedure § 708.110(d) provides:

> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

Cal. Civ. Proc. Code § 708.110(d). Cal. Civ. Proc. Code § 415.10 states that

> A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.

>The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective.

## **DISCUSSION**

Judgment Creditor argues that this Court is not bound by California law on service of process because while the enforcement of judgments must follow state law, federal statues govern to the extent they apply. ECF No. 215-1 at 4. It further argues that the state statute only governs when it has specific service requirements and that federal law governs when, as in the instant matter, the statute governing the enforcement of judgments incorporates the state's general service of process statute. Id. Judgment Creditor argues that since Judgment Debtor has appeared in this action and the Court's personal jurisdiction has been established, service would better be guided by Federal Rule of Civil Procedure 5 instead of 4 and that Rule 5 permits service by mail in this instance. Id. at 5-6.

"The Ninth Circuit has held that California law controls the manner of service of post judgment enforcement proceedings." H&M Bay, Inc. v. West Coast Transportation, LLC, 2017 WL 8180634, at *2–3 (C.D. Cal., Mar. 13, 2017) (citing Hilao v. Estate of Marcos, 95 F.3d 848, 853-54 (9th Cir. 1996)). Therefore, service of the order on the Judgment Debtor is controlled by Cal. Civ. Proc. Code § 708.110(d). Personal service is the only method of service permitted under Cal. Civ. Proc. Code § 708.110(d). Accordingly, Judgment Creditor's motion is **DENIED**. See Boards of Trustees of Sheet Metal Workers Pension Trust of N. Cal. v. Guidi, 2021 WL 7448629, at *1–2 (N.D. Cal., Oct. 26, 2021) (recommending plaintiff be ordered to personally serve the judgment debtor order when rescheduling the judgment debtor exam and noting that "one legal treatise has found that substitute service of a judgment debtor order is not permitted[,]" "one California district court has found that '[t]he statute does not provide for alternative methods of service other than personal service[,]'" and "the undersigned can find no authority allowing for substitute service of a Rule 69 judgment debtor examination order governed by California law.") (citing H&M Bay, Inc., 2017 WL 8180634, at *2–3 (finding that section 708.110(d) required personal service and that "[t]he statute does not provide for

1  alternative methods of service other than personal service" so the designated examinee for the
2  judgment debtors "was under no obligation to attend the debtor's examination and, thus did not
3  violate this Court's Order" where plaintiffs did not personally serve the designated examinee));
4  see also Pabban Development, Inc. v. Sarl, 2015 WL 12731928, at *5–6 (C.D. Cal., Mar. 10,
5  2015) (noting that "California law dictates a specific judgment enforcement process that Plaintiff
6  has attempted to utilize, which requires a particular manner of service" and that the provisions
7  of California law regarding the Enforcement of Judgments, not the Federal Rules of Civil
8  Procedure, "govern service requirements for judgment debtor proceedings conducted under
9  California law."); and In re Dixie Farms Market, 9 Fed. Appx. 692, 693 (9th Cir. 2001) (finding
10 the bankruptcy court's order that "provided for personal service pursuant to California Code of
11 Civil Procedure § 708.110, or alternatively, service by mail" to be "in error to the extent that it
12 allowed mail service because section 708.110 specifically provides that service of the notice shall
13 be by personal delivery") (citing Hilao, 95 F.3d at 852).

**IT IS SO ORDERED**.

Dated: 11/30/2022

Hon. Barbara L. Major
United States Magistrate Judge