UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS, et al., | Case No.: 14-CV-2763-GPC-JMA |
| Plaintiffs, | **REPORT AND RECOMMENDATION ON MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR** |
| v. | |
| MYRON LANGE, | |
| Defendant. | [Doc. No. 238] |

This Report and Recommendation is submitted to U.S. District Judge Gonzalo P. Curiel pursuant to Local Civil Rule 69.1(e) of the United States District Court for the Southern District of California. *See* CivLR 69.1(e) (stating that all motions concerning execution of a judgment, except motions for Judgment Debtor examinations, "must be made to the assigned district judge, unless the motion relates to the post-judgment discovery").

Judgment Creditor Brancart & Brancart ("Judgment Creditor"), counsel to Plaintiff Erika Macias ("Plaintiff"), moves the Court to enforce a 2017 judgment through an assignment order and an order restraining Defendant/Judgment Debtor Myron Lange

1

("Defendant").  Doc. No. 238.  Defendant has not filed a response in opposition, and any opposition would now be untimely.  *See* Doc. No. 234.  For the reasons stated herein, the Court **RECOMMENDS** Judgment Creditor's motion be **GRANTED**.

## I. RELEVANT BACKGROUND

Plaintiff filed a complaint in this Court on November 19, 2014, alleging that Defendant engaged in a pattern of discrimination and harassment based on sex in violation of the federal Fair Housing Act and related state laws.  *See* Doc. No. 1.  On October 18, 2016, a jury found in favor of Plaintiff and awarded her $55,320.00 in damages.  Doc. No. 129.  The Court entered judgment on March 29, 2017.  Doc. No. 154.

On June 6, 2017, the Court issued an order awarding Judgment Creditor—Plaintiff's counsel Brancart & Brancart—$82,250.00 in attorneys' fees and $5,328.00 in costs as the prevailing party under the Fair Housing Act, 42 U.S.C. § 3613.[1]  Doc. No. 173 at 19.  The Clerk of Court issued an Abstract of Judgment for the judgment in favor of Plaintiff on April 28, 2017, Doc. No. 168, and an Abstract of Judgment for the fee award to Brancart & Brancart on June 22, 2017, Doc. No. 180.  After Defendant failed to make any payment on the judgment, Plaintiff obtained a writ of execution on October 20, 2021, and obtained payment of her judgment after garnishing one of Defendant's bank accounts.  Doc. Nos. 186, 191–92; *see also* Doc. No. 238-1 ¶¶ 3–4.

Plaintiff's counsel Brancart & Brancart obtained writs of execution and also attempted to garnish Defendant's financial accounts, but Defendant had closed those accounts before the garnishment notices were served.  Doc. Nos. 197–99; Doc. No. 238-1 ¶¶ 5–6.  In order to identify additional financial accounts, Judgment Creditor obtained an order for a Judgment Debtor Exam of Defendant.  Doc. No. 208; Doc. No. 238-1 ¶ 7.  Judgment Creditor obtained orders continuing the Judgment Debtor exam four times after Defendant evaded service by refusing to answer his door for process servers.  Doc. Nos.

---

[1] The Court also awarded attorneys' fees and costs to the Legal Aid Society of San Diego.  Doc. No. 173 at 19.  However, Legal Aid Society is not a party to the instant motion.

208, 213, 218, 220; Doc. No. 238-1 ¶ 7.  On February 10, 2023, personal service was effected on Defendant for the Judgment Debtor Exam set for April 26, 2023.  Doc. Nos. 220, 221, 223-1.  In addition, Judgment Creditor had obtained an order for a third-party examination of Defendant's property manager, Abraham "Avi" Waiche, which was personally served on him for the April 26 examination date.  Doc. Nos. 206, 208, 209, 213, 218, 220, 222; *see also* Doc. No. 238-1 ¶¶ 31–32.

Neither Defendant nor Mr. Waiche appeared for the April 26, 2023 examinations. Doc. No. 224 at 1; Doc. No. 238-1 ¶ 31.  At that time, Judgment Creditor advised the Court that it would not need to pursue further orders or sanctions against Mr. Waiche because Mr. Waiche had represented to counsel Christopher Brancart that he had retired and no longer had any involvement with Defendant or any of his rental properties.  *See* Doc. No. 238-1 ¶ 31.

The Court set another status conference and order to show cause hearings, none of which were attended by Defendant.  Doc. Nos. 225, 226 at 1, 230.  In addition, Defendant refused to answer his door for the U.S. Marshals Service and rejected this Court's mail.[2] Doc. Nos. 227, 228, 234.  Accordingly, the Court issued a briefing schedule for the instant motion, which was served on Defendant.  Doc. Nos. 234, 235.

Plaintiff's counsel declares that Defendant has not made a single payment to Brancart & Brancart.  *See generally* Doc. No. 238-1.  Therefore, the amount remaining due to Judgment Creditor is $87,578.00 plus post-judgment interest at a rate of 1.16%[3] pursuant to 28 U.S.C. § 1961.

On July 25, 2023, Judgment Creditor filed the instant motion for issuance of an assignment order and an order restraining Defendant.  Doc. No. 238.  Specifically,

---

[2] U.S. Marshal deputies were called to confirm Defendant's presence in his home.  Doc. No. 227. Defendant did not open his door even though the "deputies heard him inside the home."  *Id.*  The deputies proceeded to put the documents in the mail slot that went directly into Defendant's home.  *Id.*

[3] *See* https://www.casb.uscourts.gov/sites/casb/files/historic_rates.pdf (outlining applicable post-judgment interest rates for judgments entered between June 2, 2017 and June 9, 2017).

Judgment Creditor requests an order assigning to Brancart & Brancart Defendant's "interest in any and all payments due, or which may become due, under any and all rental agreements or Housing Assistant Payment ("HAP") contracts, for residential real property owned by [Defendant]" at the following seven addresses: (1) 4240 Menlo Avenue, Unit 2, San Diego, California; (2) 4240 Menlo Avenue, Unit 10, San Diego, California; (3) 4240 Menlo Avenue, Unit 21, San Diego, California; (4) 4240 Menlo Avenue, Unit 26, San Diego, California; (5) 4166 Menlo Avenue, San Diego, California; (6) 4168 Menlo Avenue, San Diego, California; and (7) 2229 Bonita Street, Lemon Grove, California.  Doc. No. 238 at 2, 4.  Judgment Creditor also seeks an order restraining Defendant from encumbering, assigning, disposing of, transferring, and/or spending any payments related to the rental agreements and/or HAP contracts at issue.  Doc. No. 238 at 1–2.

## II. LEGAL STANDARDS

The execution of final judgments is governed by Federal Rule of Civil Procedure 69, which states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). Thus, post-judgment enforcement proceedings in this court must comply with California law.  *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996).

California allows for an order assigning the judgment debtor's right to payments due from a third person to the judgment creditor.  *Gutierrez v. Vantia Properties, LLC*, 2015 WL 164301, at *1 (E.D. Cal. Jan. 13, 2015) (citation omitted).  California Code of Civil Procedure § 708.510 provides, in relevant part:

///

(a) Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all right or part of a right to payment due or to become due, whether or not the right is conditioned in future developments, including but not limited to the following types of payments:

. . .

     (2) Rents.

. . .

(b) The notice of the motion shall be served on the judgment debtor.  Service shall be made personally or by mail.

(c) . . . in determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), the court may take into consideration all relevant factors, including the following:

     (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.

     (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.

     (3) The amount remaining due on the money judgment.

     (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Code Civ. P. § 708.510(a)–(c).  The right to payment may be assigned only to the extent necessary to satisfy the judgment creditor's money judgment.  *Id.* at § 708.510(d).  Additionally, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount.  *Id.* at § 708.510(f).

    "'[D]etailed evidentiary support' is not required under [section] 708.510.  But some evidentiary support is still needed; [section] 708.510 refers to a 'payment due or become

due,' which suggests some degree of concreteness to the expected payment is required." *Passport Health, Inc. v. Travel Med, Inc.*, 2012 WL 1292473, at \*4 (E.D. Cal. Apr. 16, 2012) (quoting *Legal Additions LLC v. Kowalksi*, 2011 WL 3156724, at \*2 (N.D. Cal. Jul. 26, 2011)).  "Certainly, there needs to be more than just speculation before the remedy of an assignment can be provided." *Id.*

California Code of Civil Procedure § 708.530 provides that, "[f]or the purpose of priority, an assignee of a right to payment pursuant to this article shall be deemed to be a bona fide assignee for value under the terms of Section 955.1 of the Code." Cal. Code Civ. P. § 708.530(a).  Further, "[a]n assignment of the right to future rent . . . is recordable as an instrument affecting real property and the priority of such an assignment is governed by Section 1214 of the Civil Code." *Id.*  As for persons obligated to make payments to the judgment debtor, "[t]he rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor."  Cal. Code Civ. P. § 708.540.

Additionally, California Code of Civil Procedure § 708.520 permits a judgment creditor to apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned.  Cal. Code Civ. P. § 708.520(a).  "The court may issue an order pursuant to this section upon a showing of need for the order." *Id.* at § 708.520(b).  "The threshold for showing need is 'low.'" *SKAZZI3 Capital Ltd. v. Pathway Genomics Corp.*, 2019 WL 7172162, at \*3 (S.D. Cal. Sec. 20, 2019) (quoting *Innovation Ventures, LLC v. N2G Distributing, Inc.*, 2014 WL 10384606, at \*6–7 (C.D. Cal. May 1, 2014)).  Any order restraining a judgment debtor must be personally served upon the judgment debtor and must contain notice to the judgment debtor that "the failure to comply with the order may subject the judgment debtor to being held in contempt of court."  Cal. Code. Civ. P. § 708.520(d).

///

### III. D<small>ISCUSSION</small>

**A.    Assignment Order**

As an initial matter, the Court finds that Defendant was adequately served with the instant motion by mail as required under California Code of Civil Procedure § 708.510(b). Additionally, the relevant factors described in California Code of Civil Procedure § 708.510(c) favor the issuance of an assignment order.  Defendant has not filed any opposition or otherwise responded to the instant motion or any of this Court's recent orders.[4]  Therefore, he has not presented any evidence of his reasonable requirements or those supported by him, nor evidence of any payments he is required to make or that are deducted in satisfaction of other judgments and wage assignments.

Further, Judgment Creditor has provided evidence demonstrating the amount remaining due on the judgment is $87,578.00 plus interest, and that Judgment Creditor expects to receive an estimated $6,000.00 to $7,500.00 in monthly rents as assigned.  Doc. No. 238 at 8.  Judgment Creditor has also provided significant evidence demonstrating Defendant's right and interest to collect monthly rents from the above-listed seven properties.  *See* Doc. Nos. 238-2–238-15.  Based on that evidence, the Court finds that Judgment Creditor has satisfied the requirements of California Civil Code of Procedure § 708.510.

The Court also finds that it has the authority to issue an order that directly assigns Defendant's rights to rents or any payments due from the above-listed seven properties to Judgment Creditor.  *See E. Jordan Plastics, Inc. Suzhou Xincheng Gardening Material Co., Ltd.*, 2018 WL 1806699, at *2 (C.D. Cal. Feb. 13, 2018) ("[T]he assignment order contemplated by Section 708.510 includes a court order that assigns a right to payment

---

[4] Although Defendant failed to respond to the Court's recent Orders to Show Cause, Doc. Nos. 230, 234, Defendant had communicated with the Court by informal *ex parte* letters sent on April 16, 2023 and May 25, 2023.  Doc. Nos. 244, 245.  These letters demonstrate to the Court Defendant's knowledge of the current state of these proceedings, his unwillingness to comply with the Court's Orders, and his intent to evade paying the judgment due to Brancart & Brancart.  *See, e.g.*, Doc. No. 245 at 1 ("Please do not be duped by Christopher Brancart['s] demands for payments . . .").

outright (not simply an order directing the judgment debtor to do so).") (citations omitted); *Mentor Capital, Inc. v. Bhang Chocolate Co., Inc., et al.*, 2017 WL 3335767, at *3 (N.D. Cal. Aug. 4, 2017) ("The court could order [the debtor] to assign to [the creditor] property right sufficient to pay the judgment.  Alternatively, under California law, it seems clear that the court could itself directly assign [the debtor's] property rights to [the creditor] up to the amount that is owed under the judgment.") (citations and quotation marks omitted); *Innovation Ventures, LLC*, 2014 WL 10384606, at * 4 (directly assigning judgment creditor the right to payments owed by third parties to judgment debtor) (quoting *Garden City Boxing Club, Inc. v. Briano*, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 13, 2007) ("[W]here a judgment creditor can identify a person or entity which is obligated to make a payment to the judgment debtor, and where that right to payment is assignable, the right to payment can be assigned from a third party obligor to the judgment creditor.")).

The Court now turns to whether there is adequate evidence of Defendant's rights and interests in the above-listed properties.  Judgment Creditor has provided public records, including deeds, demonstrating that Defendant possesses title to the seven properties.[5]  *See* Doc. Nos. 238-3–238-8, 241.  Additionally, Judgment Creditor has provided evidence of past rental agreements between certain named tenants at those properties and Defendant that indicate that Judgment Creditor has a right and interest in payments made by tenants residing at the seven rental properties.  *See* Doc. Nos. 238-9–238-12.  Therefore, the Court finds that Judgment Creditor has provided sufficient evidence of Defendant's right and interest to collect rent from the above-listed properties.

Accordingly, the Court **RECOMMENDS** that Judgment Creditor's request for an order directly assigning Defendant's rights and interests to the rents and payments

---

[5] The Court notes that the property at 4166 Menlo Avenue is "a multifamily unit" that contains a separate rental unit identified as 4168 Menlo Avenue.  Doc. Nos. 238 at 4, 238-1 ¶ 18.  The Court finds that Judgment Creditor has adequately demonstrated Defendant's right and interest in 4168 Menlo Avenue.  *See* Doc. Nos. 238-7, 238-9.  In addition, although Judgment Creditor's Motion at times only references "six" properties by combining 4166 and 4168 Menlo Avenue, for clarity, the Court notes that it considers those properties separate, for a total of seven separate rental properties.  *See* Doc. Nos. 238-7, 238-9.

14-CV-2763-GPC-JMA

generated by the above-listed seven rental properties to Judgment Creditor be **GRANTED** to the extent necessary to satisfy the judgment against Defendant.

**B.    Restraining Order**

The Court also finds that Judgment Creditor has met the low threshold showing required for an order restraining Defendant.  Judgment was entered in this case back in 2017, and since that time, Defendant has failed to make voluntary payments and has utterly failed to comply with this Court's orders.  Doc. No. 238-1 ¶¶ 3, 7–10.  Additionally, it appears that Defendant has recently requested that some of his tenants pay their rent in cash instead of check or pay their rent by check to another person other than Defendant.  *See* Doc. No. 240 ¶ 10; *see also Innovation Ventures, LLC*, 2014 WL 10384606, at * 7 (restraining order warranted because judgment debtor failed to make voluntary payments and evidence suggested debtor "may attempt to assign or otherwise dispose of the rights to the payments at issue in the absence of a restraining order.").  For these reasons, the Court **RECOMMENDS** that Judgment Creditor's request for an order restraining judgment debtor be **GRANTED**.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED**:

1.    Judgment Creditor's request for an assignment order, Doc. No. 238, be **GRANTED** to the extent that such an order directly assigns to Plaintiff's counsel Brancart & Brancart the rights and interests of Defendant/Judgment Debtor, Myron Lange, to any rents or payments due or which may become due, under any and all rental agreements, for residential real property owned by Myron Lange at the following seven addresses:  (1) 4240 Menlo Avenue, Unit 2, San Diego, California; (2) 4240 Menlo Avenue, Unit 10, San Diego, California; (3) 4240 Menlo Avenue, Unit 21, San Diego, California; (4) 4240 Menlo Avenue, Unit 26, San Diego, California; (5) 4166 Menlo Avenue, San Diego, California; (6) 4168 Menlo Avenue, San Diego, California; and (7) 2229 Bonita Street, Lemon Grove, California.

///

2. Pursuant to California Code of Civil Procedure § 708.540, Judgment Creditor be **ORDERED** to serve a copy of any final order assigning such rights and interests upon the individuals residing at the above-titled rental properties.

3. Pursuant to California Code of Civil Procedure § 708.540, Judgment Creditor be **ORDERED** to serve a copy of any final order assigning such rights and interests upon Abraham "Avi" Waiche and the San Diego Housing Commission.

4. Judgment Creditor's request for an order restraining judgment debtor, Myron Lange, be **GRANTED**, and that Myron Lange be restrained from assigning or otherwise disposing of his rights and interests in the rents or payments due, or which may become due, under any and all rental agreements for residential property owned by Myron Lange at the following seven addresses:  (1) 4240 Menlo Avenue, Unit 2, San Diego, California; (2) 4240 Menlo Avenue, Unit 10, San Diego, California; (3) 4240 Menlo Avenue, Unit 21, San Diego, California; (4) 4240 Menlo Avenue, Unit 26, San Diego, California; (5) 4166 Menlo Avenue, San Diego, California; (6) 4168 Menlo Avenue, San Diego, California; and (7) 2229 Bonita Street, Lemon Grove, California.  In addition, Myron Lange shall be further restrained from interfering with, intimidating, harassing, evicting, or threatening to evict any tenant whose rents are assigned by the Court's order or from taking any action or refusing to act to reduce residential services or retaliate against those tenants.

Within **fourteen (14)** days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**IT IS SO ORDERED**.

Dated: September 11, 2023

Hon. William V. Gallo
United States Magistrate Judge

14-CV-2763-GPC-JMA