UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACIAS AND CYNTHIA RICH,<br><br>Plaintiff,<br><br>v.<br><br>MYRON LANGE,<br><br>Defendant. | Case No.: 14cv2763-GPC(JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING JUDGMENT CREDITOR'S MOTION FOR ASSIGNMENT OF RENTS AND RESTRAINING JUDGMENT DEBTOR**<br><br>[Dkt. No. 238.] |

Before the Court is Judgment Creditor Brancart & Brancart's motion to assign rents and restrain Defendant and Judgment Debtor Myron Lange.  (Dkt. No. 238.)  On September 11, 2023, Magistrate Judge William V. Gallo filed a Report and Recommendation ("Report") granting Judgment Creditor's motion for assignment of rents and restraining Judgment Debtor.  (Dkt. No. 246.)  After service of the Report on Myron Lange, (Dkt. Nos. 248, 249), no objections were filed.  Based on the reasoning below, the Court ADOPTS the Report and GRANTS Judgment Creditor's motion for assignment of rents and restraining Judgment Debtor from assigning or disposing Judgment Creditor's right to payment that has been assigned.

**Background**

On November 19, 2014, Plaintiff Erika Macias ("Plaintiff") filed a complaint alleging that Defendant Myron Lange ("Defendant" or "Judgment Debtor") engaged in discrimination and sexual harassment in violation of the Fair Housing Act and related state laws.  (Dkt. No. 1, Compl.)  On October 18, 2016, a jury found in favor of Plaintiff on her sexual harassment claim and awarded her $55,320.00 in damages.  (Dkt. No. 129.)  The Court entered judgment on March 29, 2017.  (Dkt. No. 154.)

On June 6, 2017, the Court issued an order awarding Plaintiff's counsel, Brancart & Brancart, $82,250.00 in attorney's fees and $5,328.00 in costs as the prevailing party under the Fair Housing Act.  (Dkt. No. 173 at 19.[1])  The Clerk of Court issued an Abstract of Judgment for the judgment in favor of Plaintiff on April 28, 2017.  (Dkt. No. 168.)  On June 22, 2017, the Clerk of Court issued an Abstract of Judgment for the fee award to Brancart & Brancart ("Brancart & Brancart" or "Judgment Creditor").  (Dkt. No. 180.)  After Judgment Debtor failed to make any payment on the judgment, the assignee of Plaintiff's judgment obtained a writ of execution on October 20, 2021, and obtained payment of Plaintiff's judgment by garnishing one of Judgment Debtor's bank accounts.  (Dkt. Nos. 186, 191-92; *see also* Dkt. No. 239-1, Brancart Decl. ¶¶ 3-4.)  On December 22, 2022, Judgment Creditor obtained writs of execution and attempted to garnish Judgment Debtor's financial accounts but both accounts had been closed and it was unable to identify any other financial accounts.  (Dkt. Nos. 197, 198, 199; Dkt. No. 239-1, Brancart Decl. ¶¶ 5-6.)

On September 26, 2022, Judgment Creditor obtained an order for a Judgment Debtor Exam on October 26, 2022 to ascertain if Judgment Debtor had any other financial accounts.  (Dkt. No. 208; Dkt. No. 238-1, Brancart Decl. ¶ 7.)  Because Judgment Debtor evaded service by refusing to answer his door for process servers,

---

[1] Page numbers are based on the CM/ECF pagination.

Judgment Creditor obtained orders continuing the Judgment Debtor exam four times. (Dkt. Nos. 208, 213, 218, 220; Dkt. No. 238-1, Brancart Decl. ¶ 7.)  On February 10, 2023, personal service was effected on Judgment Debtor for the Judgment Debtor Exam set for April 26, 2023.  (Dkt. Nos. 220, 221, 223-1.)  Additionally, Judgment Creditor had obtained an order for a third-party examination of Judgment Debtor's long-time property manager and real estate broker, Abraham "Avi" Waiche ("Mr. Waiche"), which was personally served on him for the April 26, 2023 debtor's examination date.  (Dkt. Nos. 203, 206, 213, 218, 220, 222; *see also* Dkt. No. 238-1, Brancart Decl. ¶ 31.)  Neither Judgment Debtor nor Mr. Waiche appeared for the April 26, 2023 examination.[2]  (Dkt. No. 224 at 1; Dkt. No. 25; Dkt. No. 238-1, Brancart Decl. ¶¶ 8, 31.)  At that time, Judgment Creditor advised the Court that it would no longer pursue further orders or sanctions against Mr. Waiche because he had represented to counsel Christopher Brancart that he had retired and was no longer involved with Judgment Debtor or any of his rental properties.  (Dkt. No. 238-1, Brancart Decl. ¶ 31.)

Despite the Court's numerous efforts to provide Judgment Debtor the opportunity to appear or respond,[3] he, nonetheless, failed to appear at the April 26, 2023 Judgment Debtor Exam, (Dkt. No. 225), the follow-up May 5, 2023 Video Joint Status Conference (Dkt. No. 226), the follow-up June 1, 2023 Video Joint Status Conference,[4] (Dkt. No.

---

[2] In an improper ex parte letter to the Court dated April 16, 2023, Judgment Debtor disputes the judgment but recounts facts surrounding the dismissal of co-Plaintiff Cynthia Rich, not Plaintiff Erika Macias.  (Dkt. No. 244.)  Moreover, he indicates he is 80+ years old, has high blood pressure and attaches a doctor's note, dated April 14, 2023, stating, "Please excuse patient for medical reasons."  (*Id.*)  Despite Judgment Debtor's health difficulties preventing him from appearing at court, he fails to provide his contact number and did not contact the Court seeking accommodations to appear at the judgment debtor exam.

[3] Judgment Debtor refused to answer his door for the U.S. Marshals Service and rejected this Court's mail.  (Dkt. Nos. 227, 228, 234.)

[4] In another improper ex parte letter to the Court, dated May 25, 2023, Judgment Debtor similarly disputes the judgment as it relates to co-Plaintiff Cynthia Rich, not Plaintiff Erika Macias.  (Dkt. No. 245.)  In this letter, he also claims he does not have cable or the internet, that he is elderly and unable to be on his feet or drive on the freeway or in heavy traffic and has a nurse caregiver.  (*Id.*)  Again, despite

230)[5], and the June 30, 2023 Video OSC Hearing, (Dkt. No. 234).  Therefore, on July 11, 2023, the Court issued a briefing schedule on the instant motion, which was served on Judgment Debtor.  (Dkt. Nos. 234, 235, 250.)

On July 25, 2023, Judgment Creditor filed the instant motion for assignment of rents and order restraining Judgment Debtor.  (Dkt. No. 238.)  It seeks an order assigning to Brancart & Brancart Judgment Debtor's "interest in any and all payments due, or which may become due, under any and all rental agreements or Housing Assistant Payment ("HAP") contracts, for residential real property owned by [Judgment Debtor] at the following addresses":

(1) 4240 Menlo Avenue, Unit 2, San Diego, California;
(2) 4240 Menlo Avenue, Unit 10, San Diego, California;
(3) 4240 Menlo Avenue, Unit 21, San Diego, California;
(4) 4240 Menlo Avenue, Unit 26, San Diego, California;
(5) 4166 Menlo Avenue, San Diego, California;
(6) 4168 Menlo Avenue, San Diego, California; and
(7) 2229 Bonita Street, Lemon Grove, California.

(Dkt. No. 238 at 1-2.)  The motion also sought an "order restraining [Judgment Debtoor], and any of his agents, employees, attorneys and/or any person(s) acting in concert and participating with him, from encumbering, assigning, disposing of, transferring, and/or spending payments due, or which become due, and all rights to payments under those lease agreements and/or HAP contracts, and further restraining him from taking adverse action against any residents of those units identified in the Court's assignment order."

---

Judgment Debtor's difficulties to appear in court and his inability to appear by video conference, he again did not provide his contact information or contact the Court seeking accommodations.

[5] In that order, the Magistrate Judge noted that "The Judgment Debtor cannot feign ignorance of today's proceedings, given that [Judgment Creditor] served the Court's May 5, 2023, Order on the Judgment Debtor by mail (Doc. No. 229) and that United States Marshals Service served the same documents upon the Judgment Debtor by submitting the documents through the mail slot on the door of the Judgment Debtor's home. (See Doc. No. 227 (May 24, 2023, Process Receipt and Return and Accompanying Photographs from the United States Marshals Service].)."  (Dkt. No. 230 at 1-2.)  The Magistrate Judge directed the U.S. Marshal to effect service of the Video OSC Hearing order and Zoom information on Judgment Debtor.  (*Id.* at 2.)

(*Id.* at 2.) Despite service of the motion, (Dkt. No. 238 at 11), Judgment Debtor did not file an opposition. On September 11, 2023, Magistrate Judge William V. Gallo issued a report and recommendation. (Dkt. No. 246.) The Report directed that any objections be filed within 14 days of being served with it. (*Id.*) On October 2, 2023, the Report that was mailed to Judgment Debtor was returned to the Court undeliverable. (Dkt. No. 247.) On November 17, 2023, Magistrate Judge David D. Leshner issued an order directing the U.S. Marshals to effect personal service of the Report on Judgment Debtor. (Dkt. No. 248.) On November 28, 2023, after two unsuccessful attempts to serve at the residence, the Report was delivered via mail slot on November 28, 2023. (Dkt. No. 249.) The Magistrate Judge's order also directed that Judgment Debtor file an objection within fourteen days after being served with the Report. (Dkt. No. 248.) No objections have been filed to date.

## DISCUSSION

**A.    Standard of Review of Report and Recommendation**

In reviewing a magistrate judge's report and recommendation, a district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). A district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003). While "[§ 636(b)(1)(C)] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Here, Judgment Debtor did not file an Objection to the Report; therefore, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

/ / /

### B. Assignment of Rents

Federal Rule of Civil Procedure ("Rule") 69(a)(1) governs post-judgment enforcement proceedings in accordance "with the procedure of the state where the court is located", which, in this case, is California. *See* Fed. R. Civ. P. 69(a)(1); *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996) (*same*).

Under California law, the court may order the assignment of the judgment debtor's right to payments due from a third person to the judgment creditor. *Gutierrez v. Vantia Properties, LLC*, No. 1:13–cv–00642–LJO–SKO, 2015 WL 164301, at *1 (E.D. Cal. Jan. 13, 2015) (citing Rutter Group, California Practice Guide–Enforcing Judgments and Debts § 6.1422.5 (2008)); *see also E. Jordan Plastics, Inc. v. Suzhou Xincheng Gardening Material Co.,* Case No. CV 17-5638 VAP(JC), 2018 WL 1806699, at *2 (C.D. Cal. Feb. 13, 2018) (*adopting report and recommendation by* 2018 WL 1806709 (2018) ("the assignment order contemplated by Section 708.510 includes a court order that assigns a right to payment outright (not simply an order directing the judgment debtor to do so)." A judgment creditor can move the court to order the judgment debtor to assign to the judgment creditor "all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments" and includes, "[r]ents." Cal. Civ. Proc. Code §§ 708.510(a), (a)(2). The statute also provides that the motion must be served on the judgment debtor personally or by mail. Cal. Civ. Proc. Code § 708.510(b).

The court may only order the assignment of property to the extent necessary to satisfy the money judgment. Cal. Civ. Proc. Code § 708.510(d). In making that determination, the court should consider all relevant factors, including:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
> (3) The amount remaining due on the money judgment.
> (4) The amount being or to be received in satisfaction of the right to

payment that may be assigned.

Cal. Civ. Proc. Code § 708.510(c).  While "detailed evidentiary support is not required under § 708.510[,]" "some evidentiary support is still needed." *Legal Additions LLC v. Kowalksi*, No. 08-cv-02754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (section "708.510(a) refers to a 'payment due or to become due,' which suggests some degree of concreteness to the expected payment is required."); *Passport Health, Inc. v. Travel Med, Inc.*, No. 2:09–cv–01753–GEB–JFM, 2012 WL 1292473, at *4 (E.D. Cal. Apr. 16, 2012) ("Certainly, there needs to be more than just speculation before the remedy of an assignment can be provided.").

California Code of Civil Procedure section 708.530 provides that, "[f]or the purpose of priority, an assignee of a right to payment pursuant to this article shall be deemed to be a bona fide assignee for value under the terms of Section 955.1 of the Code." Cal. Civ. Proc. Code § 708.530(a).  Further, "[a]n assignment of the right to future rent . . . is recordable as an instrument affecting real property and the priority of such an assignment is governed by Section 1214 of the Civil Code." *Id.*  As for persons obligated to make payments to the judgment debtor, "[t]he rights of an obligor[6] are not affected by an order assigning the right to payment until notice of the order is received by the obligor." Cal. Civ. Proc. Code § 708.540.

Judgment Creditor argues that the factors set forth in section 708.510 support the granting of an assignment order.  (Dkt. No. 238 at 8.)  The Court agrees.  As an initial matter, the Court finds that Judgment Debtor has been served with the motion by mail as required by section 708.510(b).[7]  (Dkt. No. 238 at 11.)

---

[6] Obligor "means the person who is obligated to make payments to the judgment debtor or may become obligated to make payments to the judgment debtor depending upon future developments." Cal. Civ. Proc. Code § 708.540.

[7] "The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail." Cal. Civ. Proc. Code § 708.510(b).

On July 21, 2023, Judgment Creditor obtained an updated writ of execution indicating that Judgment Creditor is owed a total of $93,788.52 which includes $6,210.52 in interest that has accrued since June 6, 2017.  (Dkt. No. 238-1, Brancart Decl. ¶ 34; Dkt. No. 238-17, Brancart Decl., Ex. 16.)  Judgment Creditor declares that Judgment Debtor has not made a single payment on the Judgment.  (Dkt. No. 238-1, Brancart Decl. ¶ 3.) Moreover, Judgment Debtor has not presented any evidence of his reasonable requirements or those supported by him, has not provided evidence of any payments he is required to make or that are deducted in satisfaction of other judgments and wage assignments.[8]

Finally, Judgment Creditor has provided evidence that Judgment Debtor owns, without mortgages, six residential properties in San Diego County with seven rental units[9] by attaching the deeds of each property.  (Dkt. No. 238-1, Brancart Decl. ¶ 12; Dkt. No. 238-2, Brancart Decl., Ex. 1 (Interrogatory No. 4); Dkt. No. 238-3, Brancart Decl., Ex. 2 (4240 Menlo Ave. #2); Dkt. No. 241-1, Suppl. Brancart Decl., Ex. 17 (4240 Menlo Ave. #10); Dkt. No. 241-2, Suppl. Brancart Decl., Ex. 18 (4240 Menlo Ave. #21); Dkt. No. 238-6, Brancart Decl., Ex. 5 (4240 Menlo Ave. #26); Dkt. No. 238-7, Brancart Decl., Ex. 6 (4166 Menlo); Dkt. No. 238-8, Brancart Decl., Ex. 7 (2229 Bonita).)

Moreover, Judgment Creditor has researched and identified tenants that reside at Judgment Debtor's rental properties through the Accurint database and Defendant's responses to interrogatories during discovery in the underlying litigation.  (Dkt. No. 240, Collins Decl. ¶ 2; Dkt. No. 238-14, Brancart Decl., Ex. 13 at 3.)  Judgment Creditor reached out to all the tenants but was only able to communicate with three tenants.  (Dkt. No. 240, Collins Decl. ¶ 2.)  Based on speaking with the tenants and the rental

---

[8] Judgment Creditor asserts it does not have any information about Judgment Debtor's needs for support or his expenses but is informed and believes he receives Social Security, a military pension and the monthly income from his rental properties.  (Dkt. No. 238-1, Brancart Decl. ¶ 33.)

[9] 4166 Menlo Avenue is a "multifamily unit" that has a separate rental unit identified as 4168 Menlo Avenue.  (Dkt. No. 238-1, Brancart Decl. ¶ 18.)

agreements that were produced in discovery, (Dkt. No. 238-9, Brancart Decl., Ex. 8; Dkt. No. 238-10, Brancart Decl., Ex. 9; Dkt. No. 238-11, Brancart Decl., Ex. 10; Dkt. No. 238-12, Brancart Decl., Ex. 11), Judgment Creditor estimates monthly rent rates to be about $6,000 to $7,500 per month based on prior rents.  (Dkt. No. 238 at 5, 8; Dkt. No. 238-1, Brancart Decl. ¶¶ 25-29.)  Moreover, many of these units are covered by Section 8 vouchers through the San Diego Housing Commission.  (Dkt. No. 238-1, Brancart Decl. ¶¶ 22, 25a, 27, 28.)

Based on the legal authority and supporting documentation, Judgment Creditor has demonstrated it is entitled to an assignment of rents pursuant to section 708.510 of the California Code of Civil Procedure.  Thus, the Court ADOPTS the Report and GRANTS Judgment Creditor's motion for assignment of rents.

**B.    Restraining Order**

"When an application is made pursuant to § 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." Cal. Civ. Proc. Code § 708.520(a).  Courts have issued restraining orders "so that [the assigned rights to payment] might be available for satisfaction of the judgment." *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.,* No. C 03-4792 MMC (MEJ), 2006 WL 279349, at *3 (N.D. Cal. Feb. 3, 2006).  The court may issue such an order "upon a showing of need for the order." Cal. Code Civ. Proc. § 708.520(b).  This threshold for showing need is "relatively low." *Innovation Ventures, LLC v. N2G Distrib., Inc.*, Case No. SACV 12–717 ABC (Ex), 2014 WL 10384606, at *6-7 (C.D. Cal. May 1, 2014) (citing *Legal Additions LLC v. Kowalksi,* No. C–08–2754 EMC, 2011 WL 3156724, at *3 (N.D. Cal. July 26, 2011)).  For example, in *UMG Recordings*, the district court concluded that the need requirement was satisfied because the judgment debtor had defaulted on the payment program under the settlement agreement and refused to voluntarily satisfy the judgment against it. *UMG Recordings, Inc. v. BCD Music Group, Inc.,* No. CV 07–05808 SJO (FFMx), 2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009).  In *Legal*

*Additions LLC*, the district court granted a restraining order because more than half a year had passed and the defendants had not yet made any payments to the plaintiff on the judgment. *Legal Additions LLC*, 2011 WL 3156724 at *3.

Here, judgment was entered in 2017 and Judgment Debtor has failed to make any voluntary payments and failed to comply with numerous court orders. (Dkt. No. 238-1, Brancart Decl. ¶¶ 3, 7-10.) Moreover, as noted in the Report, it appears that Judgment Debtor is attempting to avoid paying the judgment by requesting at least one of his tenants to pay her rent in cash for the past six months. (Dkt. No. 240, Collins Decl. ¶ 10.) Judgment Creditor has demonstrated the low threshold that a restraining order is warranted. Accordingly, the Court ADOPTS the Report and GRANTS the Judgment Creditor's request for an order restraining Judgment Debtor from assigning or otherwise disposing of his rights and interests in the rents or payments due, or which may become due, under any and all rental agreements for residential property owned by him and restraining him from interfering with, intimidating, harassing, evicting or threatening to evict any tenant those rents are assigned by the Court's order or from taking any action or refusing to act to reduce residential services or retaliate against those tenants.

## Conclusion

Based on the reasoning above, the Court ADOPTS the report and recommendation in full and GRANTS Judgment Creditor's motion for assignment of rents and restraining order. **IT IS HEREBY ORDERED** that:

1. The following rights and interests of payment of rents to Judgment Debtor Myron Lange be, and hereby are, directly assigned to Judgment Creditor Brancart & Brancart until such time as the judgment in favor of Brancart & Brancart (ECF 173, 180), with post-judgment interest pursuant to 28 U.S.C. § 1961, is fully satisfied or this order is amended:

> any rents or payments due or which may become due, under any and all
> rental agreements, for residential real property owned by Myron Lange at
> the following seven addresses: (1) 4240 Menlo Avenue, Unit 2, San Diego,

California; (2) 4240 Menlo Avenue, Unit 10, San Diego, California; (3) 4240 Menlo Avenue, Unit 21, San Diego, California; (4) 4240 Menlo Avenue, Unit 26, San Diego, California; (5) 4166 Menlo Avenue, San Diego, California; (6) 4168 Menlo Avenue, San Diego, California; and (7) 2229 Bonita Street, Lemon Grove, California.

2. Pursuant to California Code of Civil Procedure § 708.540, Judgment Creditor is ordered to serve a copy of this Order assigning such rights and interests upon the individuals residing at the above-titled rental properties.

3. Pursuant to California Code of Civil Procedure § 708.540, Judgment Creditor is ordered to serve notice of this Order assigning such rights and interests on Abraham "Avi" Waiche and the San Diego Housing Commission.

4. Judgment Debtor Myron Lange is restrained from assigning or otherwise disposing of his rights and interests in the rents or payments due, or which may become due, under any and all rental agreements for residential property owned by Myron Lange at the following seven addresses: (1) 4240 Menlo Ave., Unit 2, San Diego, CA 92105; (2) 4240 Menlo Ave., Unit 10, San Diego, CA 92105; (3) 4240 Menlo Ave., Unit 21, San Diego, CA 92105; (4) 4240 Menlo Ave., Unit 26, San Diego, CA 92105; (5) 4166 Menlo Ave., San Diego, CA 92105; (6) 4168 Menlo Ave., San Diego, CA 92105; and (7) 2229 Bonita St., Lemon Grove, CA 92119.

5. Judgment Debtor Myron Lange is further restrained from interfering with, intimidating, harassing, evicting, or threatening to evict any tenant whose rents are assigned by the Court's order or from taking any action or refusing to act to reduce residential services or retaliate against those tenants.

**NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR TO COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTOR TO BEING HELD IN CONTEMPT OF COURT.**

1     The Court DIRECTS Judgment Creditor to personally serve this order on Judgment Debtor.  *See* Cal. Civ. Proc. Code § 708.520(d) (the "order shall be personally served upon the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to being held in contempt of court.").

    IT IS SO ORDERED.

Dated:  January 23, 2024

                                       Hon. Gonzalo P. Curiel
                                       United States District Judge